Whaley v. Cunningham

---

320 *THOMAS WHALEY, plaintiff in error, v. JOHN CUNNINGHAM, et al., defendants in error.

(Atlanta, June Term, 1870.)

GARNISHMENT—EXPENSES OF MOVING CREDITOR—TO BE FIRST PAID.—Where money is brought into Court by a junior judgment creditor, by process of garnishment pendente lite, he is entitled to his expenses before an older judgment creditor gets any part of the fund.

SAME—SAME—WHAT EXPENSES ARE INCLUDED.—In such case, the costs and reasonable attorney's fees for which the party bringing the money into Court is liable, in the action against the defendant, as well as the proceeding against the garnishee, are included in the words, "expenses of the moving creditor," as used in section 3489 of the Revised Code.

Garnishment. Expenses. Before Judge Robenson. Greene Superior Court. May Term, 1870.

The Augusta Manufacturing Company sued one Cunningham and pendente lite garnisheed one Carmichael. Judgment was obtained and the garnishee paid money to the sheriff. Plaintiff called on the sheriff, by rule, to show cause why he did not pay over said money to the company. He replied that he had in his hands a fi. fa. in favor of Whaley against Cunningham, founded upon a judgment older than the company's, and which claimed the money. This was not denied. But the company's attorney said that while he had no litigation as against Cunningham, he had as against the garnishee, and claimed that these expenses incurred by the company were to be paid before said older judgment could take. He showed that his reasonable fees were $150 00, of which $50 00 was proper for the garnishment and $100 00 for obtaining the judgment against Cunningham, and that these fees and the costs of Court, in the original case of the company and its garnishment case, would exhaust the fund in hand.

Whaley v. Cunningham

These facts being admitted, the Court ordered the whole fund to be paid to the company's attorney. Whaley says the Court erred in not allowing him to have all the money, except the costs of Court in the garnishment case, and especially in taxing said fund with the costs and fees belonging to the original case against Cunningham.

*Columbus Heard, A. Reese, for plaintiff in error.
James L. Brown, by the Reporter, for defendant.

By the Court—BROWN, C. J., delivering the opinion.

The only question in this case is, what is the proper construction of section 3489 of the Revised Code, which is in these words: "All money raised by virtue of process of garnishment under this Code, shall be paid over to the creditors of the defendant, according to the priorities now established by law, the expenses of the moving creditors being first paid pro rata, by the judgment creditors receiving the benefit of his diligence." In this case the contest was between two creditors. And it is admitted that the judgment of Whaley, the plaintiff in error against Cunningham, is older, by two or three months, than the judgment of the Augusta Manufacturing Company. But the latter, by summons of garnishment upon Carmichael, pendente lite, brought the money into Court. And the dispute is as to the right of the junior judgment creditor to have his costs and attorney's fees, in his original action against Cunningham, paid out of the fund. It is admitted that he is entitled to his expense in the garnishment, but not his expense in obtaining the judgment against the defendant.

We think he is entitled to his necessary and legal expenses in both, as they are in fact connected and one cannot be made effective without the other. As a general rule, a garnishment pendente lite is not sued out when the defendant is considered solvent. And, in case of an insolvent debtor, probably the plaintiff would not be willing to incur the expense necessary to obtain a judgment, if he did not look to the garnishment as a probable means of securing the debt. But he can not make the money on the garnishment without first bringing suit against the defendant. Nor can he take judgment against the garnishee, till he has first obtained judgment against the defendant, who is his debtor. And as he must necessarily incur the expense of obtaining judgment *against the defendant before he can bring the money into Court, by virtue of the garnishment, we think he is entitled to have the expenses of the whole proceeding paid, before an older judgment creditor is permitted to come in and take the fund which he has brought into Court by his diligence.

Judgment affirmed.