WILLIAM R. PHILLIPS, plaintiff in error, *vs.* SARAH W. BOWDOIN, administratrix, defendent in error.

1. A judgment against a party who goes into bankruptcy may be enforced against property on which it has a lien and which was sold by the defendant before the filing of his application to be adjudged a bankrupt.

2. If the judgment creditor levy his execution on such property, which is claimed by the purchaser, and pending the claim the creditor proves his debt in the bankrupt court, but before there is any dividend of the

Phillips *vs.* Bowdoin.

bankrupt's assets, obtains leave of the court to withdraw his proof and claim for the purpose of prosecuting his levy in the state court, such proof and withdrawal of his debt do not constitute a bar to the assertion of his rights under the levy, unless it appear that the judgment had a priority of lien on the bankrupt's assets. And this is true, although the defendant in the judgment has received his discharge in the bankrupt court.

3. The fact that the register in bankruptcy, after the withdrawal of such proof and claim, allowed to the attorneys of the creditor a fee or compensation for bringing certain of the assets of the bankrupt into the bankrupt court, does not affect the rights of the creditor in the claim case.

4. Upon the trial of the claim case the creditor has the right to put in evidence an exemplification from the bankrupt court, showing his application to withdraw his claim and the proof thereof, and the order granting the same.

Bankrupt. Judgment. Attorneys. Evidence. Before Judge HALL. Spalding Superior Court. February Term, 1874.

Phillips held an execution against Edward G. Foster for $3,189 25 principal, $792 83 interest, and $13 75 costs, based on a judgment rendered in Spalding superior court on May 18th, 1864. This judgment was had upon appeal from a verdict obtained in 1862 in favor of plaintiff. On October 21st, 1867, the execution founded on said judgment was levied on certain personalty, on a livery stable and a house and lot, in the city of Griffin. On December 3d, 1867, a claim to the house and lot was filed by Sarah W. Bowdoin, as administratrix of her deceased husband. On the 9th of the same month notice was served on the sheriff that Foster had been adjudged a bankrupt.

Upon the trial of the issue thus formed, the following facts appeared : Foster was adjudged a bankrupt on application filed on October 25th, 1867. Phillips proved his claim in the usual form, A. W. Hammond & Son being his attorneys. On June 3d, 1869, said attorneys were allowed by the register $18 96 as fee for bringing certain assets of the bankrupt into court. Foster was discharged on March 9th, 1869. The husband of claimant purchased the property in 1864, and sub-

sequently died. Claimant has been in possession as administrator ever since.

Upon this statement of facts Phillips tendered in evidence his petition to the district court of the United States to allow the withdrawal of his proof of claim in order that he might proceed in the state courts to condemn property sold by Foster after the rendition of plaintiff's judgment, but before he became a bankrupt; also, the order of court allowing such action, dated October 10th, 1868. Upon objection made, this testimony was excluded and plaintiff excepted.

It also appeared from the testimony that prior to the bankruptcy of Foster, Phillips had sold to him a livery stable in Griffin, giving him a bond conditioned to make titles on payment of the purchase money; that no payment had been made thereon; that on January 10th, 1868, Foster's assignee transferred said stable to Phillips in consideration of his entering a credit of $2,000 00 on his execution; that his claim was proven for the balance due thereon. Why this credit was entered on the execution does not appear. The return of the property upon which nothing had been paid, seems to have been merely a rescission of the contract of sale.

The court, amongst other things, charged the jury, "that if they believed Foster was declared a bankrupt, and Phillips, after receiving property transferred to him by the assignee of Foster, on which he had a special lien, went into the bankrupt court and proved for the balance due on his execution, for the purpose of collecting the same out of the assets in said court, and Foster was discharged by the said bankrupt court from all of his debts provable in bankruptcy, then such proof of the debt and discharge of Foster operated as a discharge of plaintiff's judgment lien, and, if you so believe, you should find the property not subject."

To this charge plaintiff excepted

The jury found the property not subject. Error is assigned upon each of the above grounds of exception.

A. W. HAMMOND & SON; BECK & BEEKS, for plaintiff in error.

Phillips *vs.* Bowdoin.

Doyal & Nunnally; J. D. Stewart, for defendant.

Trippe, Judge.

1. The principle was held in *Jones vs. Lellyet & Smith*, 39 *Georgia*, 64, that a judgment against one who goes into bankruptcy may be enforced against property on which it has a lien, and which was sold by the defendant before the filing of his petition to be adjudged a bankrupt.

2. But the objection to the enforcement of the judgment in this case is, that the creditor, having proved his claim in the bankrupt court, cannot now assert his lien against this property. How the case would have stood, had the creditor not withdrawn his claim and the proof thereof from the bankrupt court, we do not determine. He did withdraw it by a special order of that court. It does not appear that his judgment had a lien over other creditors on any of the assets of the bankrupt in the hands of the assignee. It is true that he canceled, with the assignee, a contract of sale made with the bankrupt for a livery stable. But only a bond for titles had been given and no purchase money paid. It is also true that a credit for this purchase money was placed on plaintiff's execution. Why this was done does not appear. It does not seem, from the record, that the purchase money for the livery stable had any connection with the debt on which the judgment against the defendant in execution was founded. The plaintiff, therefore, as the holder of the title to the livery stable, and thus having a lien on it for the purchase money, under an arrangement with the assignee, took back the stable for the purchase money debt. Neither the record shows, nor could counsel in the argument explain, why a credit for the purchase money was put on the *fi. fa.* The bankrupt court had power to pass the orders allowing the withdrawal of plaintiff's claim and the proofs, and under these facts, and the reasons shown why the bankrupt court granted the orders, we do not think his right to proceed against this property was lost: Bump on Bank., 434; 3 Bank Reg., 85.

3. After the bankrupt court had granted the orders of withdrawal, compensation to the amount of $18 96 was allowed by the register to the attorneys for plaintiff, for bringing certain assets of the bankrupt into his hands. This was about ten months after the plaintiff's case was out of that court. Whether this action of the register was legal or not, it cannot affect the right of plaintiff as to the lien on the property levied on. The sum so allowed is credited on the *fi. fa.*, and to that extent lessens the amount of the debt sought to be enforced against the land claimed by defendant in error.

4. From this it necessarily follows that when it had been put in proof by the claimant that plaintiff had proved his debt in the bankrupt court, the plaintiff had the right to introduce in evidence an exemplification of the records of that court, showing the proceedings and judgments granting the orders allowing the withdrawal, and there was error in the court's refusing him this right.

Judgment reversed.