## SOUTHERN MUTUAL INSURANCE CO. *v.* HUDSON.

1. The rulings heretofore made in this case, to the effect that the evidence introduced by the plaintiff on the first trial was sufficient to require the submission to the jury of the question whether or not there had been such negligent use of the property as to materially increase the risk of insurance, and to cause the damage, are now the law of this case, and can not now be reviewed or reversed.   Practically the same evidence for the plaintiff appears in the present record; and in returning a verdict for the plaintiff the jury determined that such use did not materially increase the risk.   This verdict having been approved by the trial judge by his refusal to set it aside, this court can not

reverse that judgment on the ground that the verdict is contrary to evidence and against the law.

2. There was no error in excluding the testimony of the witnesses who were asked their opinions whether named acts of the plaintiff increased the risk of fire to the dwelling-house which was burned. The facts set out in the question were not only capable of being clearly detailed and described to the jury, but they were actually so detailed and described, and the matter under examination was not, therefore, such as rendered the opinion of witnesses admissible as an exception to the general rule which declares opinions to be inadmissible in evidence.

Submitted May 1, — Decided June 7, 1902.

Action on insurance policy. Before Judge Estes. Hall superior court. October 28, 1901.

*Erwin & Erwin, S. C. Dunlap,* and *H. H. Dean,* for plaintiff in error. *W. R. Hammond,* contra.

LITTLE, J. 1. In the 107 *Ga.* 297, this court reversed the judgment of the trial judge, who granted a nonsuit when this case was first tried in the superior court; and in the 113 *Ga.* 434, appear our rulings by which a new trial was granted to the insurance company, for errors committed by the judge on the second trial of the case. It has been tried again, the plaintiff securing a verdict. The judge again overruled a motion for a new trial, the insurance company excepted, and for the third time we are to determine whether or not any such errors were committed as require or authorize a reversal of the judgment rendered in the superior court. It may be that the evidence in the case is to a certain extent different from that which appeared in the two previous records; but whether so or not, the evidence now before us, under the rulings made in the 107 *Ga.*, raised issues of fact to be determined by a jury, and under those rulings the findings of fact made by the jury under the evidence in the present record must stand. Considering the evidence which was then submitted we ruled, in the 107 *Ga.*, that there was sufficient testimony introduced by the plaintiff to require the submission to the jury of the issues of fact as to whether or not there had been such negligent use of the property as to materially increase the risk of insurance, and to cause the damage complained of. Conceding that the evidence of such negligent use of the property insured, as it appears in the present record, has been materially strengthened, there still remains the particular evidence on the part of the plaintiff which then influenced this court to de-

clare that it raised an issue of fact as to whether the acts of the plaintiff materially increased the risk of insurance, and caused the damage. Consequently that decision must be taken and held as res adjudicata of the point that the court could not, as a matter of law, say that the use of the property, as made by the insured, materially increased the risk and caused the damage. It may be that we were not correct in our ruling there made, that the judge erred in granting a nonsuit. Subsequent reflection and renewed investigation of the facts have at least caused some of us to doubt whether there was then sufficient evidence introduced by the plaintiff to require the submission to the jury of the issue of fact as to whether or not there had been such negligent use of the property in question as to materially increase the risk of insurance and to cause the damage. But that ruling is now the settled law of this case, whenever the evidence which was submitted by the plaintiff on the first trial appears. That same evidence practically appears in the record now before us; and as it does, we are not at liberty now either to consider or pass upon the point that such evidence was as a matter of law insufficient to form the basis of a verdict that the plaintiff was so negligent in the use of the property as to increase the risk and cause the damage, when the jury have found to the contrary.

2. Error is further assigned on the refusal of the trial judge to allow two witnesses on cross-examination to answer a certain hypothetical question propounded to each, to wit: whether in the opinion of the witness certain acts done by the plaintiff increased the risk of fire to the dwelling-house of plaintiff, which was consumed. The acts referred to were founded on the evidence in the case, and were the hauling of a quantity of wheat to thrash, then putting a wood-burning engine without a spark-arrester not further than 84 feet from the house, then firing up the engine with wood and putting the separator nearly half way between the house and the engine, and proceeding to thrash the grain, placing the straw at from about 15 to 30 feet of the house, when the engine being used emitted sparks of fire flying into the air, and flying where they might drift, etc. At the time this question was propounded, counsel for the defendant stated that he expected to prove by the witnesses that the facts enumerated would, in their opinion, increase the risk of fire to that house, and that he also expected that

the witnesses would give their reasons for such opinion. The question was objected to by counsel for the plaintiff, and the court sustained the objection on the ground that that was a matter to be determined by the jury from the facts, and not from the opinions of witnesses. So the naked question is presented, whether the opinion of a witness, when he gives reasons therefor, is admissible as evidence to prove the fact that the acts indicated in the question increased the risk of fire. When the case was here the second time, as will be seen by reference to 113 *Ga.* 434, the question was made whether the exclusion of an answer to a question, which was similar in some but not in all respects to the one we are now considering, was error. Our conclusion was, that where the question under examination was one of opinion, any witness might testify as to his opinion, giving his reasons therefor, but a question seeking to elicit an opinion should not be so framed as to require the witness to review the testimony given by other witnesses in the case. The question there dealt with was not only hypothetical, but, in reference to the facts stated, it contained this additional clause: "all as detailed by the witnesses on the stand in your presence in this case." In dealing with the admissibility of the answer to that question, this court confined its rulings to the question as a whole, without determining that the question then in issue was one in which opinions were admissible. We simply determined the proposition of law that, where the question was one of opinion, a witness might testify in answer to such question as to his opinion, if he gave his reasons for such opinion, but a question which sought to elicit an opinion should not be so framed as to require the witnesses to review the testimony given by the other witnesses in the case; and we therefore held that an answer to the question so framed was, for the reason indicated, not admissible. We by no means decided that the question then under examination was one of opinion, but, even had it been, that it was not properly framed, because of the reference to the evidence given by other witnesses in the case. When considered in this light, nothing will be found either in the headnotes or the opinion which indicates a conclusion on the part of this court that the question under examination there was one in which the opinion of the witness on a hypothetical question was admissible.

In the case of *Mayor and Council of Milledgeville* v. *Wood*, 114

*Ga.* 370, which was an action against a municipal corporation to recover damages alleged to have been sustained in consequence of physical injuries due to the defective and unsafe condition of a part of one of the streets of the city, these questions were asked: " Was not that street broad enough and wide enough at that point and on out for all reasonable purposes ?"   " I will ask your opinion as to whether or not that place was dangerous ?"   It was ruled by this court that there was no error in excluding the answer to either of these questions, because each sought an expression of opinion from the witnesses.   In dealing with this subject, Mr. Justice Fish said: " As a general rule, a witness should be confined to a statement of facts, his opinions being irrelevant and inadmissible.   It is the peculiar province of the jury to draw deductions and form conclusions from the facts shown by the evidence, and it is only from the necessity of the case that a witness is allowed to give his opinion to aid the jury in arriving at a correct conclusion upon the facts before them.   Thus, experts on questions relating to a particular art or science, or which come under the observation and experience of persons engaged in a particular profession, trade, or occupation, who, from their superior facilities and experience, are better qualified than ordinary jurors to form correct conclusions thereon, are permitted to give their opinions to the jury, based upon given facts which they have testified to themselves, have heard others testify to in the case, or which have been hypothetically stated to them.   And, in this State at least, where the question under consideration is a proper one to be illustrated by the opinion of an expert, one who is not an expert may give his opinion thereon, provided he testifies to the facts upon which such opinion is based."   Citing *Augusta & Summerville R. Co.* v. *Dorsey,* 68 *Ga.* 228; *Central Railroad* v. *Coggin,* 73 *Ga.* 689. Mr. Justice Fish also quoted rule 63 from Lawson's Exp. & Op. Ev. 505, in these words: " The opinions of an ordinary witness, derived from observation, are admissible in evidence, when, from the nature of the subject under investigation, no better evidence can be obtained, or the facts can not otherwise be presented to the tribunal, e. g., questions relating to time, number, dimensions, height, speed, distance, or the like."   He also quoted the following from *Cavendish v.* Troy, 41 Vt. 107, with approval: " Where the witness has had the means of personal observation, and the facts and circumstances which

lead the mind of the witness to a conclusion are incapable of being detailed and described so as to enable any one but the observer himself to form an intelligent conclusion from them, the witness is often allowed to add his opinion or the conclusion of his own mind." The following rule in Clifford *v.* Richardson, 18 Vt. 626, is also quoted: "When all the pertinent facts can be sufficiently detailed and described, and when the triers are supposed to be able to form correct conclusions without the aid of opinion or judgment from others, no exception to the rule is allowed." The ruling of this court in the case then under consideration was as follows: "The opinion of a witness is not admissible in evidence when all the facts and circumstances are capable of being clearly detailed and described so that the jurors may be able readily to form correct conclusions therefrom." For a very comprehensive and valuable treatise on the rule for the admission in evidence of the opinions of witnesses, see 1 Gr. Ev. (16th ed.) 549. Under the ruling made by this court in the case above cited, it is clear that the court committed no error in excluding the opinion of the witnesses who were asked if the acts stated in the question would increase the risk of fire to the dwelling-house, as the facts and circumstances upon which the witness must have based his opinion were not only capable of being, but as a matter of fact were, clearly detailed and described in the evidence of other witnesses who testified in the case; and from these facts and circumstances the jurors could as readily have drawn conclusions as could these witnesses. Their opinions could have added nothing to the facts in evidence. It was the judgment and opinion of the jurors from those facts which should have been the basis of their verdict, and not the conclusions of witnesses, who, without any knowledge of the facts, merely had opinions for themselves as to whether the risk was increased; and the matter could properly have been determined only from the facts, and not from the opinions of witnesses. These remarks are applicable to the 4th and 5th grounds of the amended motion for new trial, and neither of these grounds presents a good cause for setting aside the verdict; nor do we find that any error was committed by the trial judge which requires a reversal of his judgment.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent, and Cobb, J., disqualified.*