## SNELL *v.* SNELL *et al.*

1. On the trial of an action to cancel a deed and a transfer of certificates of deposit, and to recover the land and money so conveyed, because of mental incapacity of the grantor and of fraud and undue influence by

Appeal and Error, 4 C. J. p. 902, n. 3.
Cancellation of Instruments, 9 C. J. p. 1258, n. 64.
Costs, 15 C. J. p. 115, n. 93.
Equity, 21 C. J. p. 338, n. 30.
Evidence, 22 C. J. p. 601, n. 69; p. 602, n. 84.

the grantee, the evidence was sufficient to authorize instructions to the jury on the question of fraud as ground for setting aside the transaction.

2. Where a witness had stated facts on which he based his answer, it was not error to permit him to answer the question whether at the time of the conveyance and transfer the grantor was mentally capable of making them.

3. The suit being in equity by certain of the heirs of the grantor, it was not error, after verdict for cancellation of the deposit certificates, and before decree, to permit two other heirs to become parties plaintiff and to share in the recovery.

4. It not appearing how many and who were all the heirs of the grantor, the decree distributing the amount of recovery in stated proportions was not supported. Direction is given in this regard. ·

5. The award of fees to the plaintiffs' attorneys for bringing the fund into court was not erroneous.

No. 6111. FEBRUARY 28, 1928.

Equitable petition. Before Judge Camp. Johnson superior court. May 14, 1927.

*B. B. Blount* and *J. L. Kent,* for plaintiff in error.

*E. L. Stephens* and *A. L. Hatcher,* contra.

HILL, J.   J. V. Snell and certain of his brothers and sisters, as heirs at law of Mrs. Elizabeth Riner, brought a petition against M. A. Snell to have canceled a certain deed executed by their aunt, Elizabeth Riner, to M. A. Snell, on the ground of undue influence and mental incapacity of Mrs. Riner at the time of the execution of the deed, and to recover the land and money so conveyed, etc.; also, on the same ground, to cancel certificates of deposit of funds in certain named banks which were transferred by Mrs. Riner to M. A. Snell.   By amendment certain other heirs at law of Mrs. Riner were made parties to the suit.   On the trial the jury returned a special verdict finding against cancellation of the deed to the land, but in favor of the plaintiffs as to cancellation of the transfer of the certificates of deposit, and recovery of the money represented by them.   The defendant made a motion for new trial, which was overruled, and he excepted.

1.   In *Frizzell* v. *Reed, 77 Ga. 724,* it was held: . "Where it appeared that the owner of property was greatly afflicted in body and mind from disease, that she had little or no will power, and that she was greatly under the influence of a relative who obtained a conveyance of property from her, although the evidence as to her sanity or insanity was conflicting; on a proceeding by her to set aside such conveyance, in order to sustain it, it should be made

to appear that the transaction was fair, honest, and free from fraud and undue or improper influence of the controlling mind. Such a transaction will be scrutinized closely by the courts; and if there be found the slightest scintilla of fraud, it will be set aside." See also *Causey* v. *Wiley,* 27 *Ga.* 444 (4). Under application of the principle so pronounced, the evidence in this case was sufficient to authorize the charge of the court, complained of in the motion for new trial, relating to the question of fraud as ground for setting aside the transaction.

2. The court did not err in admitting, over objection, evidence as follows: "From what you have testified state whether or not Mrs. Riner, at the time of making the deed in question, the deed and the transfer of this money, was she mentally capable of making a transfer of that property? A. She was not." The objection was that it "was a conclusion of the witness." The witness had previously stated facts upon which he based his answer.

3. After a special verdict had been returned in favor of plaintiffs, in which the jury found against cancellation of the deed of conveyance, but in favor of cancellation of the certificates of deposit, E. O. Snell and O. O. Snell, two other heirs at law of the intestate, were made parties for the purpose of recovering their respective shares of the funds represented by said certificates of deposit, and were by the decree awarded the same. The defendant objected to these heirs being made parties, and to the decree awarding them their shares in the proceeds of the property involved, upon the ground that they could not be made parties and be permitted to share in said funds after the rendition of the verdict. Where a bill is filed in behalf of a class, such as a creditors' bill, a court of equity, as a general rule, is liberal in allowing amendments adding parties thereto, and parties may be made even at the hearing. *McDougald* v. *Dougherty,* 11 *Ga.* 570; s. c. 14 *Ga.* 674. A court of equity will extend to one who is not a party to such proceeding the privilege of becoming a party, at his own instance, when, from the case made, it sees that the ends of justice would be subserved thereby. *Phillips* v. *Wesson,* 16 *Ga.* 137. To such a proceeding new parties complainant, belonging to the class in whose behalf the bill was filed, may be made while the trial is in progress; and if their claims are undisputed, their coming in at that stage will be no cause for suspending the trial, or for grant-

ing a continuance for the defendant. *Burns* v. *Beck &c. Co.*, 83 *Ga.* 471 (10 S. E. 121). In such a proceeding others not parties may come in even after decree, submit to the jurisdiction of the court, and have their rights passed upon. *Martin* v. *Tidwell,* 36 *Ga.* 332 (5). It follows that the court did not err in permitting said parties to become plaintiffs, and in rendering the decree permitting them to share in the fruits of the litigation.

4. The court erred in adjudging that "plaintiffs have and recover nine twelfths of said sum, and that three twelfths be recovered and divided equally between M. A. Snell, E. O. Snell, and O. O. Snell." There is nothing in the pleadings or the evidence in this case to show who, and how many, were all the heirs at law of Mrs. Elizabeth Riner, and it can not be held that the decree is supported by the evidence. Inasmuch as the decree disposes of all the money transferred to the defendant, it was error for the court to distribute this fund in the proportion named. Having refused the grant of a new trial, and having set aside the decree for lack of evidence upon which to base it, the judgment is reversed, with direction that the court hear evidence on the question of who are the heirs at law of Mrs. Elizabeth Riner, their names, number, and the proportion in which each is entitled. One of the heirs, W. N. Snell, who might have joined in the case, having renounced his proportionate part of the estate, the same shall not be distributed among the other heirs, but shall be adjudged to be the property of the defendant.

5. There was no error in that part of the decree which awarded attorney's fees to the plaintiffs' attorney for bringing the fund into court, over the objection that it was contrary to law and equity. *May* v. *Sibley,* 69 *Ga.* 133; *Whaley* v. *Cunningham,* 41 *Ga.* 320; *Hahn* v. *Allen,* 93 *Ga.* 612 (20 S. E. 74); *Carr* v. *Benedict,* 48 *Ga.* 431; *Phillips* v. *Bowdoin,* 52 *Ga.* 544 (3).

*Judgment reversed, with direction. All the Justices concur, except*

GILBERT, J. I concur in the judgment of reversal, but dissent from the direction to the trial court not to distribute among the other heirs the portion of the heir who renounced his proportionate part of the estate. In my opinion that question should be submitted to the trial court for adjudication, as to whether that interest should be distributed, after giving the parties at interest an opportunity to submit evidence.