### UNITED STATES v. PROVOST.
### No. 7547.

Circuit Court of Appeals, Fifth Circuit.

Feb. 7, 1935.

Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., and John W. Holland, U. S. Atty., and George B. Davis, Atty., War Risk Litigation, both of Jacksonville, Fla., for the United States.

Ralph A. Marsicano, of Tampa, Fla., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

Mary Louise Provost sued in two counts, one on a war risk insurance policy issued to her as a war nurse, claiming total and permanent disability since April 14, 1919; and another count on a converted policy issued in June, 1921, on which she had paid premiums to the time of trial, claiming total permanent disability since December, 1921, and asking a return of premiums paid since that date. During the trial she elected to proceed on the second count, and abandoned the first. There is no practical need to rule on the question whether her election should have been made before suing or compelled before the beginning of the trial. The jury found total permanent disability on October 6, 1928, and judgment was entered accordingly, the United States appealing.

The one assignment of error requiring notice is the admission of testimony from Dr. Peabody, the only medical witness, as follows: Plaintiff's counsel read to him a definition of total disability similar to that set out in the converted policy, to wit, "Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation with reasonable regularity," and then asked whether from his knowledge and experience of the plaintiff's case in treating her in his opinion she had such a disability. Government's counsel objected that while the witness might say what ailments she had and whether they were likely to continue for life, it was a question for the jury as to her following any gainful occupation, and on that question the doctor was not a competent witness. The objection was overruled and exception taken, and the witness answered in the affirmative. The definition of permanency was then read, and the doctor testified without further objection that the disability was permanent and that in his

opinion she was debarred from any substantially gainful occupation. According to rulings of this court and the Supreme Court made since the trial, the evidence objected to should have been excluded. United States v. Spalding (U. S.) 55 S. Ct. 273, 79 L. Ed. ——; Hamilton v. United States (C. C. A.) 73 F.(2d) 357. As a medical expert, the physician could give an opinion as to what infirmities the plaintiff had, what activities would aggravate them, and whether they would likely continue, but he could not properly give an opinion as to the substantial gainfulness of occupations which she could follow, nor in a general way testify that she was disabled within the definition of the policy.

■ On the previous day of the trial Dr. Peabody had been asked a similar question to which similar objection was made and overruled, but no exception was taken. On cross-examination he had limited the disability to her profession of nursing. This failure to except cannot be construed as such a consent to like testimony as would prevent effective objection when the effort was made to extend his testimony to any gainful occupation. Nor can it be said that the error was harmless. The other evidence in the case did not compel a finding of total and permanent disability at the time testified to by Dr. Peabody and fixed by the jury. His testimony appears to have influenced the judge in refusing to instruct a verdict for the defendant, and may have had great weight with the jury. The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.