UNITED STATES v. ROBERTS.
No. 13456.

United States Court of Appeals
Fifth Circuit.
Nov. 30, 1951.

894

David A. Turner, Associate Sol., Joseph B. Davis, Chief Atty., Veterans Administration, Washington, D. C., John P. Cowart, U. S. Atty., Macon, Ga., for appellant.

H. G. Rawls, Albany, Ga., for appellee.

Before SIBLEY, RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

As the named beneficiary in two certificates of National Service Life Insurance for $5,000.00 each of which had been issued to her son, Jim Tom Roberts, while in the United States Army, the appellee, Mrs. Roberts, filed suit for the recovery of said insurance. She alleged that the insurance had been kept in force and that the premiums due had been paid throughout the month of March, 1946, and that on or before January 1st, 1946, the insured had become totally and permanently disabled, which disability continued until the date of his death on June 13th, 1946. Proper filing of the claim with the Veterans Administration and the denial thereof was alleged. By amendment it was further alleged that at the time of the discharge of her son from the Army on October 20th, 1945, he was suffering from a mental and nervous condition which grew progressively worse, to the extent that on January 1st, 1946, he had become totally and wholly unable to do or perform any type of labor whatsoever, and was so mentally deranged that he was not capable of comprehending the laws, rules, or regulations governing or having application to the insurance contracts sued upon in this case. By answer, the United States acknowledged the existence of a disagreement but asserted that the policies of insurance had elapsed as of April 1st for non-payment of premiums. Thereafter, upon the same date upon which plaintiff filed the amendment to her complaint, above referred to, the United States, by a third defense added by amendment, asserted that the trial Court was without jurisdiction of the cause.[1] Prior to the trial, this plea was

1. "This court is without jurisdiction in this proceeding brought pursuant to Section 817 of Title 38 United States Code, to hear and determine the cause of action alleged herein which is based upon the provisions of Section 802(r) of Title 38 United States Code."

heard and overruled by the Court. Upon the trial the jury found in favor of the plaintiff and judgment was accordingly entered.

The United States of America in this appeal assigns error: upon the action of the Court in taking jurisdiction of the cause and proceeding to trial; upon the failure of the Court to sustain its motion for a directed verdict and for judgment *non obstante veredicto,* and alternatively for a new trial; and upon rulings of the Court as to the admission of evidence.

Upon the jurisdictional question the case was presented in the trial Court, and also here, as involving only the application of Section 602(r) of the National Service Life Insurance Act of 1940, as amended.[2] We shall determine this feature of the case upon the issue as thus presented. The contention urged on behalf of the Government, in essence, is that the language of Section 602(r), supra, 38 U.S.C.A. § 802(r), "and proof of such facts, satisfactory to the Administrator of Veterans' Affairs", evidences Congressional intent that the Administrator's determination shall be final and conclusive, so that there is withdrawn from the courts jurisdiction of a claim in which a favorable determination is not made by the Administrator. The argument is two-pronged: one, that there is no jurisdiction; the other, that if there be jurisdiction it must be plead and proved that the claimant had filed proof satisfactory to the Administrator. The trial Court held the statutory language to be a provision for administrative purposes only.

In determining the question of the jurisdiction of the Court to hear and determine a suit seeking recovery of insurance benefits predicated upon the provisions of Section 602(r), supra, the status of a policy of National Service Life Insurance, as established by its terms, is critically material. If the policy should be treated as lapsed, but subject to revival, the consequences are different[3] than if the statute be construed to provide a continuance of the existence of the policy until the date of the death of the insured. The argument in behalf of the Government is based upon the proposition that the policy of insurance in question had lapsed by reason of non-payment of premiums and presupposes that a reinstatement would be necessary before the beneficiary would be entitled to claim any benefits thereunder. Putting aside for the moment the question of the finality of the Administrator's determination, the language of the statute is that the "insurance shall be deemed to be in force at the date of his [insured's] death, and the unpaid premiums shall become a lien against the proceeds of his insurance". This language, and the provision for the deduction of "premiums", clearly implies that if the requisite proof be made the policy should not be considered as lapsed, but as a subsisting contract of insurance. Consequently, a suit seeking to establish the rights provided by Section 602(r), supra, is manifestly a suit upon the contract of insurance. Such a case presents, it is true, a different situation than that contemplated by subsection (n), to which subsection (r) refers. Subsection (n) relates to waiver of premiums. When its provisions are applicable, the statute provides that the premiums shall be waived and therefore not deducted from the proceeds of the insurance. The apparent purpose of subsection (r) was to provide, in accordance with its terms, means whereby a policy of insurance should not lapse in a situation where total disability which exist-

<hr/>

2. 58 Stat. 762, Sec. 3; 38 U.S.C.A. § 802(r): "In any case in which premiums are not waived under subsection (n) hereof solely because the insured died prior to the continuance of total disability for six months, and proof of such facts, satisfactory to the Administrator of Veterans' Affairs, is filed by the beneficiary with the Veterans' Administration within one year after the enactment of this amendment, or one year after the insured's death, whichever is the later date, his insurance shall be deemed to be in force at the date of his death, and the unpaid premiums shall become a lien against the proceeds of his insurance: *Provided,* That if the beneficiary be insane or a minor, proof of such facts may be filed within one year after removal of such legal disability."

3. Meadows v. U. S., 50 S.Ct. 279, 281 U.S. 271, 73 A.L.R. 310; U. S. v. Fitch, 10 Cir., 185 F.2d 471; Taft v. U. S., 2 Cir., 127 F.2d 876.

ed less than six months continued until the death of the insured, and thus prevented application for waiver of premiums, as provided in subsection (n). Its purpose appears to be to provide the equivalent of a six months period of grace during which the policy should remain effective in case the prescribed requirement of continuing total disability was established.

Does the language of the statute under consideration make the determination by the Administrator of Veterans' Affairs of the question of the existence and continuity of the disability which prevented a waiver of premiums under subsection (n) final and conclusive, so that jurisdiction of the claim is withdrawn from the Courts so as to finally settle the matter, or, in any event, to afford jurisdiction only in those instances (if a suit in such circumstances could ever be logically contemplated) where the Administrator had made a determination favorable to the claimant? We think not.

As we have remarked above, while the provisions of Section 602(n) and Section 602(r) provide for different contingencies, they both relate to the same general subject of insurance and its continuance in case of specified total disability and to the waiver or collection of premiums generally necessary to continue the insurance in force. Consequently, legislative treatment of the requirement of "proof satisfactory to the Administrator" in subsection (n) is enlightening. In the legislative scheme, original subsection (n) preceded subsection (r) in time of passage by several years. As originally enacted by the passage of the National Service Life Insurance Act of 1940,[4] Section 602(n) provided for waiver of premiums where continued total disability existed for six months or more upon the insured's furnishing proof of the requisite facts "satisfactory to the Administrator". Subsection (r) was added by the Act of September 30th, 1944, 58 Stat. 762 "To liberalize certain provisions of the National Service Life Insurance Act of 1940, as amended." Section 7 of this Act amended original subsection (n) by adding a provi-

sion permitting a beneficiary to also make a claim for waiver of premiums predicated upon continuous total disability existing for six months or more if the insured had died without filing application therefor. However, prior to the 1944 Act, just referred to, by Section 3 of the Act of July 11, 1942, 56 Stat. 657, Section 602(n) was amended so as to remove the requirement that proof of disability be submitted "satisfactory to the Administrator". Section 6 of this Act, 56 Stat. 657, amended Section 617 by adding a proviso "That in any such suit the decision of the Administrator as to waiver or nonwaiver of premiums under this Act as now or hereafter amended shall be conclusive and binding on the court." However, this later provision was stricken by the Act of October 1st, 1946, 60 Stat. 781, so that Section 617, as presently in force 38 U.S.C.A. § 817, confers upon the Court jurisdiction of suits in the event of disagreement as to any claim under the Act subject to the same conditions and limitations as are applicable to the U. S. Government life (converted) insurance under the provisions of Sections 19 and 500 of the World War Veterans Act of 1924, as amended. Sections 19, 500 are set forth in 38 U.S.C.A. §§ 445, 551. Consequently, there is no basis for an assertion of the finality of the determination of the Administrator in claims under Section 602(n), and it is not contended otherwise. It is conceded that in such cases the Courts have full jurisdiction to reexamine the Administrator's determination and determine *de novo* the issue of disability and consequent waiver of premiums. Subsection (r) is not, strictly speaking, a waiver of premiums provision, but it is clearly related to, and should be considered with, the provisions of section (n), to which it refers. The legislative history concerning the finality of the Administrator's determination of waiver or nonwaiver, first provided and later abrogated, evidences the legislative intent "to eliminate the finality [of the determination] of the decisions of the Administrator on insurance matters". U. S. v. Zazove, 334 U. S. 602, 68 S.Ct. 1284, 1288, 92 L.Ed. 1601.[5]

4. 54 Stat. 1008.

5. See Unger v. U. S., D.C., 79 F.Supp. 281.

Indeed, as to "insurance matters", as distinguished from matters of allowances and compensation, the statutes and regulations with reference thereto give rise to binding contractual obligations. Lynch v. U. S., 292 U.S. 571, 579, 54 S.Ct. 840, 78 L.Ed. 1434. Except where required by clear and compelling language, we should not attribute to Congress an intention to withdraw from the jurisdiction of the Courts the settlement of disputes as to claims upon insurance contracts which Congress has said should "be deemed in force" if specified conditions exist. The provision for "proof * * * satisfactory to the Administrator", contained in subsection (r), is not such language, especially in view of the liberalizing deletion from Section 617, to which we have referred. Where the Congressional language, as in this case, provides that if specified conditions are present the policy shall be deemed in force, and it is not plainly declared that the existence of such conditions can be determined only by the Administrator, or that his findings shall be conclusive, a disagreement upon the validity of the facts to establish compliance with the statute constitutes a claim upon an insurance contract sufficient to support the jurisdiction of the Courts under the provisions of Section 617 of the Act, as amended.[6] Only Section 19, 38 U.S.C.A. § 445, referred to is pertinent here. So far as relevant, it provides that in the event of a disagreement as to a claim under a contract of insurance between the Veterans Administration and any person or persons claiming thereunder, an action on the claim may be brought against the United States, and confers jurisdiction upon the United States District Courts to hear and determine all such controversies. This section also defines a "claim" as "any writing * * * which uses words showing an intention to claim insurance benefits". When it is determined that in the situation contemplated by subsection (r) the statute treats the policy as a continuing obligation subject to the payment of premiums, there remains small basis for a construction which gives to the Administrator's determination the essence of finality and conclusiveness. By the provisions of both Sections 608 and 617 of the Act, 38 U.S.C.A. §§ 808 and 817, Congress has been careful to provide judicial review of the Administrator's action where insurance matters are concerned. Cf. United States v. Zazove, supra.[7] We are of the opinion, and so adjudged, that administrative determination of claims filed under the provisions of subsection (r) is not final and conclusive, and that in case of an adverse determination, or disagreement, the United States District Courts have jurisdiction of a suit seeking to enforce the claim. The trial Court correctly overruled the objection to its jurisdiction.

■ Upon consideration of the merits, however, we are of the opinion that the judgment should be reversed and a new trial granted because of the error of the Court in the admission of evidence over the objections of counsel for the Government. The evidence of the plaintiff in chief consists entirely of testimony of relatives and neighbors by which it was sought to establish the continuous total disability of the deceased insured. This was to the general effect that prior to the date the deceased entered the Army, January 12th, 1942, he was in good physical condition, but after he was discharged on October 20th, 1945, he was a "different person." He had lost weight and "grew poorer every day he stayed at home." He was nervous, had a "funny" or "wild" look in his eyes and would sit and stare into space. He would change the subject in the middle of a con-

6. Section 617: "Suits in event of disagreement as to claims. In the event of disagreement as to any claim arising under this chapter, suit may be brought in the same manner and subject to the same conditions and limitations as are applicable to the United States Government life (converted) insurance under the provisions of sections 445 and 551 of this title."

7. Our investigation has disclosed only one case involving Section 602(r) supra, Stephens v. U. S., D.C., 85 F.Supp. 620, by a District Court. There, apparently, no question of jurisdiction was raised by the Government and the case was tried and determined on the question of total disability for less than six months, but continuing to death.

versation. At times he would complain that his back and head hurt him. He complained, with no basis, of "people following him." He would "tremble like a leaf on a tree", and at times was so nervous he could not stand still. His condition grew progressively worse until the date of his death. He was carried to the Veterans Hospital by his father on Sunday and died on Tuesday. The clinical diagnosis upon entry was kidney condition, undetermined cause, and neurasthenia. The cause of death was stated as subarachnoid hemorrhage. On behalf of the Government it was shown that the insured had secured a license as a taxicab operator in order to drive his mother and others to and from work. In his application for unemployment payments he had stated he was able to do light work. Evidence seeking to impeach, by proof of contradictory statements, several of plaintiff's witnesses was also offered. The Government sought to show that the insured's condition was caused by excessive drinking and the doctors who saw him shortly before his death at the Veterans Hospital testified this could have caused the fatal hemorrhage. However, no contention is made that if the deceased were disabled the cause is material, and in the present case the question of permanency of disability was not involved other than that it must be established for the requisite period. Witnesses testified that, based upon their observation of the deceased and his acts and conduct and their various contacts with him, in their individual opinion, the decedent was not of sound mind. They were further permitted to testify, over objections, that he was "unable to engage in any gainful employment"— "do any type of gainful labor"—"engage in any kind of gainful occupation." A physician testified by deposition that the decedent had visited him professionally on two or three occasions after his discharge. The doctor considered decedent mentally sound but "he was nervous and he was all upset in a general way" and was completely incapacitated physically at the time of the visits. At that time he was not able to work. This witness was asked whether, if the decedent's condition was at all times while out of the Army as it was on the three occasions the doctor had seen him, would he have considered the decedent to be totally disabled from performing any kind of gainful occupation. The answer, over objection, was "I sure would." While the testimony of the lay witnesses as to their opinion of the mental soundness of the insured was admissible, since they stated the facts upon which they based their opinions,[8] the testimony that, in the witnesses' opinion, the insured was not able to engage in any kind of gainful occupation, was not able to do any type of labor, mental or physical, for profit, or any type of gainful employment, permitted the several witnesses to express an opinion upon the ultimate issue in the case to be determined by the jury.

We have recognized that the rule which excludes opinion evidence which goes to the very question which the jury is to answer is not inflexible,[9] but no circumstances are shown here to justify an exception. The opinion evidence of the physician may be considered as that of an expert, and while under the Georgia Code (Title 38 Section 1710) "The opinions of experts, on any question of science, skill, trade, or like questions, shall always be admissible; and such opinions may be given on the facts as proved by other witnesses", the question of continuing total disability under the statute is one of law as well as fact and its determination is to be made by a jury upon the facts in the light of the law as given them in charge by the Court. The rule which properly should have been enforced is that indicated by U. S. v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 277, 79 L.Ed. 617, in which it was held "The experts ought not to have been asked or allowed to state their conclusions on the whole case [that Spaulding became totally and permanently disabled]", or, as stated by this Court in a similar case, "As a medical expert, the physician could

8. Merritt v. Wallace, 173 Ga. 435, 160 S.E. 610; Snell v. Snell, 165 Ga. 724, 142 S.E. 96; Wigmore on Evidence, Vol. VII, Par. 1938, page 37.

9. Express Pub. Co. v. Commissioner of Internal Revenue, 5 Cir., 143 F.2d 386.

give an opinion as to what infirmities the plaintiff had, what activities would aggravate them, and whether they would likely continue, but he could not properly give an opinion as to the substantial gainfulness of occupations which she could follow \* \* \*." United States v. Provost, 5 Cir., 75 F.2d 190, 191. See also Hamilton v. United States, 5 Cir., 73 F.2d 357; Miller v. United States, 5 Cir., 71 F.2d 361, affirmed 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977.[10]

We think there should be another trial of this case upon which the jury can have an opportunity to make a finding upon the facts uninfluenced by the consideration of improper testimony. For this reason the judgment of the trial Court is reversed and the cause remanded for another trial.

Judgment reversed.

Before HOLMES, STRUM, and RIVES, Circuit Judges.

---

10. The Georgia Law is to the same effect. Shaw v. Jones, Newton & Co., 133 Ga. 446, 66 S.E. 240; Mayor & Council of Macon v. Humphries, 122 Ga. 800, 50 S.E. 986; Central of Ga. Rwy. Co. v. Goodwin, 120 Ga. 83, 47 S.E. 641; Southern Mutual Ins. Co. v. Hudson, 115 Ga. 638, 42 S.E. 60; Mayor & Council of Milledgeville v. Wood, 114 Ga. 370, 40 S.E. 239; Metropolitan Life Ins. Co. v. Saul, 189 Ga. 1, 5 S.E.2d 214; Barnes v. Thomas, 72 Ga.App. 827, 835, 35 S.E.2d 364.