Cole, Patterson, Cole & McDaniel, Richard R. Cole and Robert L. Cole, Jr., Houston, Tex., for plaintiffs.

Brian S. Odem, U. S. Atty., and Kay M. Nolen, Asst. U. S. Atty., Houston, Tex., for defendant.

### ALLEN et al. v. UNITED STATES.
### Civ. No. 5973.

United States District Court
S. D. Texas, Houston Division.

Jan. 4, 1952.

KENNERLY, Chief Judge.

This is a suit by plaintiff, Casciel Stephenson Allen, joined by her husband, against the defendant, United States of America, upon a National Service Life Insurance Certificate issued by the Government to Mayo G. Stephenson, a male person in the Armed Forces of the United States. In such Certificate, plaintiff Casciel Stephenson Allen is the Beneficiary. The issuance of the Certificate is not disputed, and it is stipulated that all premiums thereon: "were either paid or waived by the Veterans Administration up to and including September 1, 1947."

Also that no further premiums were paid after September 1, 1947. Stephenson died September 4, 1949.

Plaintiff claims in her pleadings that Stephenson was for some time prior to September 1, 1947, totally disabled and that he remained so until he died September 4,

1949: "and that his failure to file timely application for waiver of premiums and his failure to submit satisfactory evidence of the existence and continuance of such total disability subsequent to September 1, 1947, was due to circumstances beyond his control."

The case was tried with a jury. At the trial, there were some, but very few, objections by defendant to the evidence, but at the close of plaintiffs' case and again at the close of all the evidence, defendant moved for a Directed Verdict. Both Motions were denied, and the case was sent to the jury. There was only one exception by defendant to the Court's Charge to the Jury. The jury returned the following Verdict:

"*Question No. One:*

"(a) Did Mayo G. Stephenson become totally disabled at any time or times between the date of his Certificate of Insurance, February 1, 1942, and the date of his death, September 4, 1949?
"*Answer:* Yes.

"If so:

"(b) When did such total disability commence? Give date or dates.
"*Answer:* We the Jury believe Mayo G. Stephenson became totally disabled between April 9, 1942, and Sept. 2, 1945, and remained totally disabled until death, Sept. 4, 1949.

"(c) How long did such total disability continue? Give date or dates.
"*Answer:* Until death Sept. 4, 1949.
"*Question No. Two:*

"Mayo G. Stephenson did not pay the premiums on his Certificate of Insurance after September 1, 1947, nor did he make application for a waiver of such premiums:

"(a) Was the failure of Mayo G. Stephenson to make application for a waiver of such premiums due to circumstances beyond his control?
"*Answer:* Yes."

This is a hearing on plaintiffs' Motion for Judgment on the Verdict, and defendant's Motions for Directed Verdict, for Judgment notwithstanding the Verdict, and in the alternative for a New Trial.

■ 1: The first question for decision is presented by the Government's Second Proposition, as follows: "The determination by the Veterans Administration that the failure of the insured to file an application for waiver of premiums after September 1, 1947 was not due to circumstances beyond his control, was a discretionary matter vested in said Administration by Congress and not subject to review by the jury."

Since the trial of this case, the question has been decided adversely to the contention of the Government in United States v. Roberts, 5 Cir., 192 F.2d 893, Opinion by Judge Russell.

2: The second question for decision is presented by the Government's First Proposition, as follows: "The verdict of the jury in answer to Question No. Two as to whether the failure of the insured to file an application for a waiver of premiums after September 1, 1947 was due to circumstances beyond his control, is not supported by the evidence."

Only the Scott case, Scott v. United States, 5 Cir., 189 F.2d 863, 864, is cited by the Government. I think it is not controlling here. In that case, the insured "was a negro youth, of little or no education, a minor until February 28, 1947, suffering from advanced tuberculosis from the date of his discharge to the date of his death", and in Note 1, it is said (Italics mine): "From the date of his discharge until January 5, 1946, insured was at his home in Mississippi under treatment of local physicians. From the latter date until the date of his death he was under treatment in three Veterans' Hospitals and one civilian hospital in the southeastern part of the United States, where information and help was readily available to him had he requested it. While insured is said to be illiterate, he must have had a fair degree of intelligence, otherwise he would not have been accepted in the Armed Services and given special training as a sharpshooter in the Marine Corps. *There is no claim that insured had become mentally incompetent, nor that his mind had substantially deteriorated, since his discharge.*"

Here there was evidence sufficient I think not only to send the issue to a jury, but to support the Jury's Verdict that Stephenson's mental condition, as well as his physical condition, prevented him from making application for a waiver of the premiums owing after September 1, 1947, on the Certificate of Insurance.

In the Aylor case in this Court, Aylor v. United States,[1] Civil Action 5340, Houston Division, Connally, Judge, to which counsel for the Government refers, the facts as I understand them were not sufficient to raise an issue as to the mental condition of the insured. Here, as stated, I think they were.

I conclude that neither of the Government's Propositions is meritorious.

These being the only reasons brought forward by the Government why Judgment should not enter for plaintiffs, the Motions of the Government are denied, and the Motion of plaintiffs for Judgment on the Verdict is granted.

1. No opinion for publication.