**NOVAK et ux. v. UNITED STATES.**

**Civ. A. 8973.**

United States District Court
W. D. Pennsylvania.

Sept. 15, 1952.

Clair D. Moss, of Pittsburgh, Pa., and Louis G. Feldmann, of Hazleton, Pa., for plaintiffs.

Irwin A. Swiss, Asst. U. S. Atty., of Pittsburgh, Pa. and Joseph A. Lowther, of the Department of Justice, Washington, D. C., for defendant.

BURNS, District Judge.

Section 602(n) of the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 802(n) has been interpreted by several courts in other circuits. They have held that, when an insured has lost the right to a waiver of premiums by his own inaction, his beneficiary cannot posthumously revive and exercise a right no longer existent. See Scott v. United States, 5 Cir., 1951, 189 F.2d 863, certiorari denied 1951, 342 U.S. 878, 72 S.Ct. 169; United States v. Baker, 10 Cir., 1951, 191 F.2d 1004, and Perryman v. United States, 6 Cir., 1951, 192 F.2d 1021; and, further, that the proviso which excuses an insured from making timely application for waiver of premiums because of "circumstances beyond his control" can be invoked only when it is shown that the insured was mentally incapable of making an application for waiver, see Aylor v. United States, 5 Cir., 1952, 194 F.2d 968, 970. See also Allen v. United States, D.C., S.D.Tex.1952, 103 F.Supp. 455. The instant complaint and affidavit attached to the motion for summary judgment negative the possibility that Walter J. Novak, the insured, suffered from a mental infirmity or that his situation was one which can be classified as "circumstances beyond his control." Consequently, his beneficiaries have no legal basis for recovery.