METHVIN S. THOMSON, plaintiff in error, vs. CHARLES McCORDEL, defendant in error.

Money in Court, on a rule for its distribution, must be applied, as far as it goes, to the oldest lien attached thereon, provided there be nothing to affect the validity of the lien.

Rule against Sheriff, in Bibb Superior Court. Decision by Judge LAMAR, at May Term, 1858.

Charles McCordel held a *fi. fa.* against Richard A. Benson, dated 7th July, 1857. The Sheriff of Bibb county, under this *fi. fa.*, sold a horse, the property of Benson, for $50 50. Upon a rule to show cause why he should not pay this money to plaintiff in said *fi. fa.*, the Sheriff answered, that one Methvin S. Thomson had placed in his hands, four Justice Court executions, amounting to more than fifty dollars, and upon which said Thomson claimed the money arising from the sale of the horse; these *fi. fas.* were in favor of George W. Warner vs. James Vanvolkenburgh, principal, Richard A. Benson, endorser, and James D. Vanvolk-

enburgh, security on stay; all dated 22d September, 1852, and assigned to Thomson 30th September, 1853.

Thomson, the owner of the Justice Court *fi. fas.* was examined by plaintiff, who testified that James D. Vanvolkenburgh, the security on stay, had mortgaged to him certain property, to secure a debt of seven or eight hundred dollars; finding that these justice executions were outstanding, he procured a *transfer* of them to himself; he then foreclosed his mortgage, and sold the mortgaged property for a little over five hundred dollars, which was credited on the mortgage *fi. fa.*; this entry was made at the request and by the consent of the mortgagor; the justice *fi. fas* are older than the mortgage; the sale of the mortgaged property was made in 1855.

It was admitted that the note due to McCordel, (and I suppose upon which his judgment was obtained, Rep.) was dated 16th May, 1855.

After argument, the Court ruled and decided that McCordel's *fi. fa.* was entitled to the money in the Sheriff's hand, in preference to the justice's *fi. fas.;* to which decision Thomson excepted.

Stubbs & Hill, for plaintiff in error.

Speer & Hunter, *contra.*

*By the Court.*—McDonald J. delivering the opinion.

The execution claiming the money in this case, and issued on the oldest judgment against the property, which produced the money in Court for distribution, had never been interposed to claim the money raised on the mortgage *fi. fa.* and withdrawn; it was an older lien on the mortgaged property, and the mortgagee had a right to purchase it to protect his security; it was the oldest judgment against the property, raising the fund now in Court, and there being noth-

ing in the case to affect the validity of its lien on the pro-
perty, the Court below ought to have ordered the money to
be applied to its payment, as far as it would go.

Judgment reversed.