Warner, Chief Justice.
Benedict, Plall & Company, judgment creditors of Foster Blodgett, garnisheed Joseph P. Carr, Esq., an attorney at law, who answered that he had in his hands $564 55 belonging to the defendant; the Court ordered the money in the hands of the garnishee to be paid into Court, to be disposed of as the Court might-thereafter direct. At a subsequent day, when the motion to dispose of the money came' on to lie heard, there were sundry executions, in favor of different plaintiffs, against the defendant, Blodgett, before the Court, claiming the money. The garnishee stated in his place to the Court that before the summons of garnishment was served on him, that he had decided to appropriate the money in his hands to the payment of judg *321 ments against the defendant in favor of Picquet, Bigelow and Emmerson, but had not actually done so, because he was waiting the consent to or refusal of such appropriation by the defendant. The Court ordered the money in Court to be paid *to the oldest execution before it, after paying to-the execution in favor of Benedict, ITall & Company, the diligent creditors bringing the money into Court, the sum of $185 39, the same being the amount of fees and costs in obtaining said judgment. Whereupon, exceptions were filed to the decision of the Court. We find no error in the judgment distributing the money paid into Court by the garnishee, under its order, on the statements of facts disclosed in the record.
Let the judgment of the Court below be affirmed.