## GRIFFITH *v.* POSEY.

The word " lien," in the phrase " as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the defendant's property," occurring in the second section of the registry act of 1889 (Acts of 1889, p. 107), applies only to liens acquired by contract, and consequently, this act has no application to contests between ordinary common law judgments. Therefore, the older of two such judgments against the same defendant has priority over the younger, as to a fund arising from a sale of his property, although the execution issued upon the younger may have been duly entered upon the general execution docket, and the execution issued upon the older has never been entered upon that docket at all.

May 23, 1896. By two Justices. Argued at the last term.

*Certiorari.* Before Judge Janes. Haralson superior court. January term, 1895.

*E. S. Griffith,* for plaintiffs in error.
*W. P. Robinson,* contra.

LUMPKIN, Justice.

The question upon which this case turns was practically settled in the case of *Donovan et al.* v. *Simmons et al.,* 96 *Ga.* 340. In that case, this court defined the meaning of the word "lien" as used in the phrase "who may have ac-

quired a transfer or lien binding the same property," occurring in the first section of the registry act of 1889 (Acts 1889, p. 106), and held that it applied only to liens acquired by contract, and not to those obtained by judgment.

The second section of that act provides for the keeping of a general execution docket, and declares that, "as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the defendant's property, no money judgment obtained within the county of the defendant's residence, in any court of this State, . . shall have a lien upon the property of the defendant from the rendition thereof, unless the execution issuing thereon shall be entered upon said docket within ten days from the time the judgment is rendered."

The obvious purpose of this section is to protect those who may acquire titles or liens in ignorance of the fact that a judgment existed against the other contracting party, of which the person taking such title or lien had not, under the pre-existing laws, reasonable and ample means of becoming informed. The word "lien" where first used in that portion of the section above quoted, has the same meaning which was ascribed to this word as used in the first section of the act; that is, it means a "lien" acquired by contract. The reasoning of Judge Hart in the case of *Donovan* v. *Simmons, supra,* is applicable in the latter instance as fully as in the former. It follows that the act in question has no application to contests between ordinary common law judgments, and consequently, the older of two such judgments against the same defendant has priority over the younger, as to a fund arising from a sale of his property, although the execution issued upon the younger may have been duly entered upon the general execution docket, whereas the execution issued upon the older has never been so entered at all.

*Judgment affirmed.*