## OWENS *v.* ATLANTA TRUST & BANKING COMPANY.

1. Except where the true owner is estopped from asserting title, the lien of a judgment only attaches to such interest as the judgment debtor actually has in the property levied on.
2. The lien of a judgment against one holding stock is inferior to an existing lien arising by virtue of a by-law under the Civil Code, § 2825, even though the plaintiff in fi. fa. had no notice thereof at the time he made the loan, secured the judgment, or gave notice to the corporation under the Civil Code, § 5431.
3. If the stock was subject to the by-law lien at the date the rights of the judgment creditor attached, and notice thereof was given at the sheriff's sale, the purchaser could not compel a transfer without paying the amount due the company by the stockholder.
4. The evidence warranted the finding that the by-law lien had not been waived, and that the purchaser had full notice of its existence and the amount due by the defendant in fi. fa.

Argued February 8, — Decided March 25, 1905.

Mandamus.　　Before Judge Lumpkin.　　Fulton superior court. January 2, 1905.

John S. Owens brought a proceeding against the Atlanta Trust and Banking Company, to compel the defendant to make a transfer on its books, and issue to him a certificate for 28 3/10 shares of the capital stock, which he purchased at sheriff's sale under an execution against Charles Runnette, the former owner of said stock. The Trust Company defended on the ground that under its by-laws it had a lien upon the shares for any indebtedness due it by a stockholder; that, prior to the rendition of the judgment under which the sale took place, Charles Runnette was and long had been indebted to it in the sum of $2,875; that the indebtedness still continued, and that the lien created by the by-laws was superior to the lien created by the judgment; and that the plaintiff, as purchaser at the sheriff's sale, could not compel the transfer of the stock without paying the indebtedness of Runnette. There was practically no denial of the foregoing facts, but the plaintiff insisted that the company had waived its lien, having caused the levy to be made under an arrangement by which it was to receive a part of the purchase-price, and that by virtue of this agreement the title to the stock, and not a mere equity of redemption, was sold. · The defendant denied this, and insisted that at the time the stock was offered at public outcry it caused written notice of the

by-law lien to be given, and that it gave notice that Runnette was indebted to the bank, and that the purchaser would only acquire title subject to the payment of this indebtedness. At the conclusion of the evidence each party moved that the court direct a verdict in its favor. The judge announced that he thought there was an issue of fact as to the agreement referred to, and as to whether it constituted a waiver of the by-law lien. "Counsel on both sides contended that there was no such issue of fact, but agreed that, whether there was or not, the court should sustain one or the other of said motions for the direction of a verdict." The judge delivered an opinion in which he discussed the question of fact, and held that there had been no waiver of the lien, and further determined, as a matter of law, that the by-law lien was valid, and thereupon directed a verdict in favor of the defendant, refusing the prayer of the petition for mandamus to compel the transfer of the stock to the plaintiff. The plaintiff excepted.

*W. D. Thomson,* for plaintiff.
*Dorsey, Brewster & Howell,* for defendant.

LAMAR, J. (After stating the facts.) Whatever may have been the former doubts on the subject (*Tuttle* v. *Walton,* 1 *Ga.* 43), the statute now declares that corporations may pass by-laws for the creation of a lien on the shares of the stockholder. Civil Code, § 2825. Within the field of its operations the by-law is automatic. The moment the shareholder becomes indebted to the corporation, that moment the lien attaches. It is good between the company and the stockholder. But it is not good against those who at public or private sale purchase without notice of its existence. Nor is it good against bona fide creditors who without notice advance money on the shares and thereby acquire the position of quasi purchasers. But the judgment creditor does not occupy so favorable a position. He did not buy nor did he lend on the faith of the stock. His rights arise only out of the judgment. That binds the property of the defendant. It can not bind more. Nor can it subject an interest which has ceased to belong to the shareholder. Nor when it attaches can it displace incumbrances which have already arisen in favor of the corporation. Freeman on Judgments (4th ed.), § 356. The validity of the by-law lien does not depend upon record or registration. The

judgment creditor therefore had no right to complain that he had no notice of its existence, as in cases under the Civil Code, § 2727. As to the stock he is in a position similar to that which he occupies as-to other choses in action. Civil Code, § 5353. By garnishment he may reach what is due his debtor, but is bound by existing, though unrecorded, counter-claims, set-offs, pledges, incumbrances, or liens (Civil Code, §§ 4711, 4712; *Bates* v. *Forsyth*, 69 *Ga.* 365), whether the latter be created by contract or by operation of law under the Civil Code, § 2825.

Stock in a corporation is a chose in action. In the absence of a statute it would not be subject to levy or sale. By the act of 1822 (Cobb's Dig. 511, 512) the lien of the judgment against the shareholder attached from the date of its rendition, but had to be kept alive by giving notice within twenty days to the corporation. This policy is reversed by the Civil Code, § 5431. The lien now does not attach to the stock upon the rendition of the judgment, but only after notice acting as a sort of garnishment on the corporation, or withholding the lien until levy as under the Civil Code, § 3125. Until this notice is received the statute recognizes that the company may make transfers notwithstanding the existence of a judgment against the shareholder. The quasi-negotiable character of stock, the fact that certificates indorsed in blank may and do pass from hand to hand, and the necessity of preserving the rights of that large body of the public who buy and lend on the faith of shares, was no doubt the reason for the change made by the code in the act of 1822. §§ 5430, 5431. But in preserving the rights of pledgees and purchasers, the code likewise preserves the right of any other holder of a lien, whether the same arose by express contract or under the operation of a by-law authorized by statute.

This was not a case where the real title or secret equity was in one, and the apparent ownership was in the debtor with credit extended on the faith of such apparent ownership. *Zimmer* v. *Dansby*, 56 *Ga.* 79; *Bell* v. *Stewart*, 98 *Ga.* 671; *Burt* v. *Kuhnen*, 113 *Ga.* 1143. Nor does it present a question as to the rights of a purchaser or pledgee (Civil Code, § 1855) who acquired an interest in the stock in ignorance of the judgment. It only involves the rights of the corporation holding a lien on the stock at the time when notice of the judgment was brought home to it.

The fact that the plaintiff in fi. fa. was ignorant of the by-law when he obtained judgment and when he gave notice to the corporation did not operate to make the judgment a lien on the stock, but only on the interest which the shareholder had.    That interest was incumbered by the by-law lien.    The judgment was subject to that incumbrance.    *Bank of Culloden* v. *Bank of Forsyth*, 120 *Ga.* 575; Sewall *v.* Lancaster Bank, 17 Serg. & R. 285; Angell & Ames on Corporations (11th ed.), § 589; 3 Freeman on Executions (3d ed.), § 348.

There was evidence to sustain the finding of the trial judge, that the company had not waived the by-law lien.    The plaintiff having purchased the stock with notice, the court did not err in holding that he could not compel a transfer without payment of the amount secured by this lien.

*Judgment affirmed.    All the Justices concur.*