REYNOLDS BANKING CO. *v.* PEEBLES & CO.

Where a judgment is obtained against a defendant in a county other than that of his residence, and in a county in which his personal property is located, it becomes from the time of its rendition a lien on such property, under the general provisions of section 5946 of the Code of 1910, and does not fall within any of the exceptions to the provisions of that section. Hence the holder of such judgment, though it be unrecorded, has priority over a purchaser of the property from the defendant in the judgment, who buys subsequently to the rendition of the judgment, but without notice thereof.

OCTOBER 14, 1914.

Certified questions; from Court of Appeals (Case 5739).

*W. F. Weaver,* for plaintiff in error.   *C. W. Foy,* contra.

HILL, J.   The Court of Appeals has certified the following questions for our decision: "Where a judgment against joint defendants was rendered outside the county in which two of them resided, and ten days later, in the county in which the judgment was rendered, personal property of these two was sold by them to a creditor, who took it in satisfaction of a pre-existing debt and without notice of the judgment, and subsequently, in the same county and in less than thirty days from the date of the judgment, an execution based on it, which had never been recorded, was levied on this property, was the purchasing creditor protected from the lien of the judgment?   Instruction is desired as to the application of section 3321 or section 3322 of the Civil Code to these facts.   Is this case thereby rendered an exception to the general rule stated in section 5946, to the effect that all judgments obtained in this State shall bind all property of the defendant from the date of the judgment, 'except as otherwise provided in this code'?"

On the trial of the case in the court below, it was submitted to the presiding judge for adjudication without the intervention of a jury.   Judge Gilbert rendered the following judgment: "Personal property of Waters Brothers was levied on in Taylor county, under an execution issued on a judgment obtained in Taylor county. Waters Brothers were residents of Randolph county.   The execution has never been recorded.   The property was bought by Reynolds Banking Company, in Taylor county, taking the same on a pre-existing debt, ten days after judgment obtained and without notice of same.   When levy was made, Reynolds Banking Company filed a claim, and the issue is between the lien of the execution and the

lien of transfer by purchase. 'All judgments obtained in the superior, justices', or other courts of this State shall be of equal dignity, and shall bind all the property of the defendant, both real and personal, from the date of such judgment, except as otherwise provided in this code.' (Sec. 5946, Code 1910.) The aforesaid claim having been filed, it becomes necessary to ascertain what exceptions are provided. So far as the undersigned has been able to discover, there are only three sections of the Code which make exceptions to section 5946 of the Code of 1910, above quoted; and these sections are 3321, 3322, 3325. The last named, 3325, applies only to real estate, and therefore can not affect the question involved in this case. Section 3321 applies only when the judgment was obtained in the county of the defendant's residence; and hence this section can not apply. Section 3322 applies only when the property of the defendant levied upon is in any other county than where the judgment was obtained; and as the property in this case was in the same county where the judgment was obtained, it follows that this section can not apply. As none of these sections apply, then it necessarily follows that the lien of the judgment attached to the property from the date of the rendition of the judgment. It is therefore ordered and adjudged that the plaintiffs have judgment," etc.

We think the foregoing opinion of the learned circuit judge correctly and concisely interprets the sections of the code applicable to this case, and that his opinion is a correct statement of the law. The legislature in providing for the record of liens failed to provide for cases of personal property in counties other than that of the residence of the defendant. It made no provision for a case where the personal property had been taken into counties other than that of the defendant's residence; and the reason probably was that it was impracticable to record the liens in every county into which a transient person might take his personal property. In the case of real estate, the provision is different. There the property is permanently located, and one desiring to purchase it may look to the county of its location to see if there are liens recorded against it. If there are none, a bona fide purchaser without notice is protected. But there was evidently an intentional "casus omissus" as to personal property, except as provided in sections 3321 and 3322 of the Civil Code. But the instant case does not fall within the application of either of those sections, and is not "thereby rendered an exception

to the general rule stated in section 5946, to the effect that all judgments obtained in this State shall bind all property of the defendant from the date of the judgment." *All the Justices concur.*