*Ellis & Glawson,* contra.

---

### 8920. BANK OF LAFAYETTE *v.* WARDLAW.

BROYLES, P. J.  1. Money in court, on a rule for its distribution, must be applied, as far as it goes, to the oldest lien that has attached to it, if there be nothing to affect the validity of the lien. *Thomson* v. *McCordel,* 27 *Ga.* 273.

2. Although the lien of a judgment against a shareholder in a corporation does not attach to the stock upon the rendition of the judgment, *so as*

to prevent the transfer or alienation of the stock (*Fidelity & Deposit Co.* v. *Exchange Bank*, 100 *Ga.* 619, 624, 28 S. E. 393; *Owens* v. *Atlanta Trust & Banking Co.*, 122 *Ga.* 521, 50 S. E. 379), yet in a money-rule contest between two judgments over a fund derived from the sale of stock in a corporation, the older judgment does not lose its priority because its fi. fa. was not levied on the stock, while the fi. fa. based on the younger judgment was so levied.

3. The fact that the fi. fa. on the senior judgment was not issued and recorded until after the fi. fa. on the junior judgment had been issued and recorded does not affect the priority of the older judgment. *Griffith* v. *Posey*, 98 *Ga.* 475 (25 S. E. 515).

4. An indorser, even though he be an accommodation indorser only, is a surety (Civil Code of 1910, § 3541), and a creditor who holds an execution against both principal and surety may, at his election, proceed against the property of either. *Manry* v. *Shepperd*, 57 *Ga.* 68; *Jordan* v. *Farmers & Merchants Bank*, 5 *Ga. App.* 244 (3) (62 S. E. 1024).

5. The court did not err in adjudging that the creditor holding the older judgment was entitled to the fund.

Judgment affirmed. Jenkins and Bloodworth, JJ., concur.

DECIDED AUGUST 3, 1917.

Money rule; from Walker superior court—Judge Wright. April 23, 1917.

*Shattuck & Shattuck*, for plaintiff in error.

*Rosser & Shaw*, contra.