## AMERICAN NATIONAL BANK OF ATLANTA *v.* EAST ATLANTA BANK *et al.*

Where one extends credit on the faith of shares of stock pledged as security, without notice of a by-law lien in favor of the corporation that issued the stock, and the pledgee thereafter obtains a general judgment against the pledgor, and execution therefrom is levied on said stock, and at the sheriff's sale the pledgee buys the stock, the contract lien is superior to the by-law lien, and the corporation cannot refuse to transfer the stock to such purchaser, notwithstanding notice of the by-law lien was given to the purchaser at the time of the sheriff's sale. The pledgee's lien dates from the execution of the contract, and not from

the date of the judgment. It was error to refuse a mandamus absolute, requiring such transfer.

No. 523. MARCH 12, 1918.

Petition for mandamus. Before Judge Pendleton. Fulton superior court. July 17, 1917.

This case was submitted to the court below upon an agreed statement of facts, substantially as follows: On May 1, 1912, the plaintiff loaned Shelby Smith $300. Smith executed a promissory note in the usual form, which recited the pledge of certificate No. 15 for three shares of the capital stock of the East Atlanta Bank as collateral, and executed on the back of the certificate a blank power of attorney authorizing transfer of the stock on the books of the bank. This loan was renewed from time to time, the last note therefor being dated August 22, 1914. Smith was indebted to plaintiff on two other promissory notes which were not secured. Plaintiff sued Smith and procured judgment in the city court of Atlanta for the aggregate amount due on all three of the notes. Fi. fa. issued and was levied on the three shares of stock above referred to. After the pledging of this stock by Smith with plaintiff, but prior to the time of suit and judgment, Smith became indebted to East Atlanta Bank, which indebtedness has not been paid. At the sheriff's sale of the stock under the fi. fa. above referred to, East Atlanta Bank gave notice to all bidders of the fact that Smith was indebted to it in an amount exceeding the par value of the stock, and that it claimed the purchaser would take such stock subject to its lien under the following by-law: "This bank reserves a first lien on the shares of its stock to the extent of any indebtedness to this bank by its stockholders, whether such indebtedness is due or to become due, and whether the stockholders be makers, endorsers or guarantors." With this notice plaintiff bid the stock in at $40 per share and had the amount of its bid credited upon its fi. fa. against Smith. Plaintiff. demanded of East Atlanta Bank the transfer of said stock on its books, which was refused. It then applied to the superior court for writ of mandamus to compel the transfer, which was denied, to which ruling it excepted.

Defendants contended, that, the debt secured by the pledge of the stock having been merged in the judgment with other indebtedness, and the judgment having been procured after the time when its by-law lien attached, plaintiff was not entitled to a transfer of the

stock until the indebtedness of Smith to East Atlanta Bank had been discharged.

*Smith, Hammond & Smith,* for plaintiff.

*John R. Burress,* for defendants.

GILBERT, J. (After stating the foregoing facts.) The American National Bank, by virtue of its contract with the maker of the note described in the foregoing statement, held the stock in the East Atlanta Bank as security for the note, and was authorized to sell the stock for the payment of the debt, without resorting to a suit on the note, the obtaining of a judgment, and a sale by the sheriff; but this was a cumulative right, and not exclusive. Judgment was obtained, the stock was levied upon by the sheriff, and was sold with all the legal formalities required by law, the plaintiff becoming the purchaser. The special lien of the plaintiff on the stock was based on the contract, and dated, not from the rendition of the judgment, but from the execution of the contract between the parties. *Spradlin* v. *Kramer,* 146 *Ga.* 396 (91 S. E. 409). The American National Bank was a bona fide creditor. It advanced money on the shares of stock without notice of any by-law lien. The contract lien is superior. *Owens* v. *Atlanta Trust & Banking Co.,* 122 *Ga.* 521 (50 S. E. 379). Notice of the by-law lien at the time of the sale of the stock cannot operate to defeat the contract lien previously acquired. This is not a case of a judgment creditor whose rights arise only out of the judgment. This is a proceeding solely for mandamus to require a transfer of the stock to the purchaser. The court therefore erred in rendering judgment refusing mandamus absolute.

*Judgment reversed. All the Justices concur.*