15236. FOURTH NATIONAL BANK OF MACON v. SWIFT & Co.

BELL, J. 1. Choses in action are not liable to be seized and sold under execution unless made so specially by statute. Civil Code (1910), § 5948. While stock in a corporation is a chose in action, and, therefore, in the absence of a statute would not be subject to levy and sale under execution, it is specially made subject thereto by the act of 1822 (Cobb's Dig. 511, 512), Civil Code (1910), §§ 6035, 6036. *Tuttle* v. *Walton*, 1 *Ga.* 43; *Owens* v. *Atlanta Trust & Banking Co.*, 122 *Ga.* 521 (2) (50 S. E. 379); *McGehee* v. *Cherry*, 6 *Ga.* 550 (1); *Buena Vista Loan &c. Bank* v. *Grier*, 114 *Ga.* 398 (3) (40 S. E. 284); *Tompkins* v. *American Land Co.*, 25 *Ga. App.* 326 (103 S. E. 190).

2. Where the owner of shares of stock in a bank of this State borrowed money and deposited the stock certificates, duly assigned, as collateral security for the debt, on February 13, 1922, and the pledgee sued upon the debt and obtained a judgment on May 7, 1923, in which a special lien upon the stock from the date of the pledge was confirmed, and where the shares of stock under the judgment were thereafter levied upon and sold by the sheriff, under a fi. fa. issued thereon, the lien of a judgment against the shareholder, obtained by another creditor on February 9, 1922, upon which was duly issued an execution which was entered upon the general execution docket and placed in the hands of the sheriff with a claim for the fund, was entitled to priority over the lien of the pledge, in a contest in the nature of a money rule. *Fidelity & Deposit Co.* v. *Exchange Bank*, 100 *Ga.* 619 (28 S. E. 393); *Bank of LaFayette* v. *Wardlaw*, 20 *Ga. App.* 741 (1, 2) (93 S. E. 236). This is true although the pledgee had no actual knowledge of the prior judgment at the time of the pledge. Civil Code (1910), § 3321; *Thomson* v. *McCardel*, 27 *Ga.* 273; *Hixon* v. *Callaway*, 2 *Ga. App.* 678 (3) (58 S. E. 1120).

3. While the lien of the judgment of February 9, 1922, would not have attached to the stock as against the corporation until levy and notice to the corporation (*Owens* v. *Atlanta Trust & Banking Co.*, supra; Civil Code of 1910, §§ 6035, 6036), and a levy upon the shares, without the statutory notice, would have been subject to arrest on illegality by the defendant in execution, the owner of the stock (*Weaver* v. *Tuten*, 144 *Ga.* 8 (5), 85 S. E. 1048), yet in a money rule *between others*, such as this, over a fund derived from a sale of the stock, the older judgment does not lose its priority because its fi. fa. was not actually levied, although the fi. fa. based upon the younger judgment was so levied and the lien thereof related back to the date of the pledge, such lien being subsequent in date to the older judgment. *Bank of LaFayette* v. *Wardlaw*, 20 *Ga. App.* 741 (2) (93 S. E. 236), and cases cited. See also Civil Code (1910), § 2219; *Southwestern R. Co.* v. *Thomason*, 40 *Ga.* 408; *Buena Vista Bank* v. *Grier*, supra; *American National Bank* v. *East Atlanta Bank*, 147 *Ga.* 750 (95 S. E. 286).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED AUGUST 13, 1924.

Money rule; from city court of Eastman—Judge O. J. Franklin. November 16, 1923.

Certiorari was granted by the Supreme Court.

*Walter DeFore* and *James C. Estes*, for plaintiff in error.

*Lawson & Ware*, contra.