18927. HERNDON *et al. v.* BRADDY.

DECIDED JANUARY 22, 1929.

*Luther U. Bloodworth, E. W. Maynard, Edward F. Taylor,* for plaintiffs.

*J. P. Burnett,* for defendant.

STEPHENS, J. (After stating the foregoing facts.) ■ The question here presented is whether a judgment in favor of a garnishing creditor against the fund caught by the garnishment and brought into the court has a lien upon the fund superior to that

of a common-law judgment of older date. Judge Jones evidently followed the decision of this court in *General Motors* v. *Bank of Valdosta,* rendered December 10, 1923, and reported in 31 *Ga. App.* 475, which holds that the rule laid down in *Garrard* v. *Moffett,* 51 *Ga.* 93, in the year 1874, construing the section of the Code of 1873 which is section 5290 of the Civil Code of 1910, codifying the acts of 1822 and 1856, that an older judgment has a first lien upon the fund brought into court by a subsequent garnishing creditor, was abrogated by the act approved November 11, 1901 (Ga. L. 1901, p. 55), and codified in § 5273 of the Civil Code of 1910. Judge Chambers was evidently of the opinion that under the decisions of the Supreme Court and the act of 1901, supra, properly construed, the lien of the older judgment was superior to that of the lien of the subsequent garnishing creditor.

Section 5290 of the Civil Code of 1910 reads as follows: "All money raised by virtue of the process of garnishment under this Code shall be paid over to the creditors of the defendant, according to the priorities now established by law—the expenses of the moving creditor being first paid pro rata by the judgment creditors receiving the benefit of his diligence." In *Garrard* v. *Moffett,* 51 *Ga.* 93, supra, it was held: "Where money is brought into court under an execution issued upon a judgment against a garnishee, the oldest judgment against the defendant takes the fund." In *Patterson* v. *Beck,* 133 *Ga.* 701 (2) (66 S. E. 911), it was held that "A creditor of a corporation who brought a common-law suit against his debtor and caused a summons of garnishment to be served upon a bank in which the debtor had funds on deposit, acquired no such lien on the funds in the hands of the garnishee as, ipso facto, to give him a right of priority of payment over other creditors, without regard to the date when their respective judgments should be obtained." In the opinion of Judge Lumpkin (p. 709) occurs the following: "As between judgments their priorities are determined by the time of their rendition, and an older judgment will take a fund brought into court by a garnishment based on a younger judgment, or on the suit in which the younger judgment was rendered. The service of the summons gives to the holder of the junior judgment no prior right in the distribution of the funds." See also *Carr* v. *Benedict,* 48 *Ga.* 431. It is clear, therefore, that the lien of the older judgment upon the fund

brought into court by a subsequent garnishing creditor is superior to the lien of the latter, unless the rule laid down by the Supreme Court in *Garrard* v. *Moffett,* supra, has been changed by the act of 1901, supra, as codified in § 5273 of the Civil Code of 1910. This act reads as follows: "Whenever a summons of garnishment is served on any person, and such person, after the date of such service, becomes indebted to the defendant, such subsequent indebtedness, immediately upon its accruing shall become subject to the lien of such garnishment, and no payments made by the garnishee to the defendant, or to his order, after the date of the service of the garnishment, shall defeat the lien of such garnishment. The service of a summons of garnishment shall in all cases operate as a lien on all the garnishee's indebtedness at the date of the service and also on all future indebtedness accruing up to the date of the answer, and such lien shall not be defeated by any payments by the garnishee or overdrafts by the defendant or other arrangements between the defendant and the garnishee." This act, which was the result of the efforts of the Honorable John M. Slaton, then a member of the House of Representatives, was designed solely to give relief from a condition of affairs, obtaining particularly in Fulton county, whereby employers, after having been served with process of garnishment in suits against their employees, would advance to the employees their wages or salaries before the services therefor had been rendered, thereby successfully defeating an impounding of the wages or salaries by garnishment sued out by creditors of the employees. As the title of this act, as well as its body, indicates, the act is merely amplifying in its nature, and changes no existing laws, except so far as necessarily results from the act's amplifying provisions. The act simply extends an established rule and brings a new situation within its scope. It does no more than extend the scope of the garnishment lien, and in no wise affects the character of the then-existing liens arising by virtue of the garnishment laws. No enhancement in dignity is given by the act to garnishment liens. No priority, other than such as already obtained under the then-existing laws, was by this act given to garnishment liens. Judge Russell, in *Mutual Reserve Life Ins. Co.* v. *Fowler,* 2 *Ga. App.* 537 (59 S. E. 469), had this to say with reference to the act of 1901, supra: "As a matter of common knowledge it was fre-

quently true that before the passage of the amending act of 1901 creditors defeated the process of garnishment and rendered it inoperative, or attempted to do so, by making advance payments to their employees or by accepting orders given by defendants in garnishment after the service of the summons of garnishment and before their answers. This was the evil that the legislature sought to reach and uproot, and this appears from the reference to these devices in the act. The remedy proposed was the act of 1901, which was designed to thwart the subterfuges theretofore employed to evade the collection of debts due to defendants in garnishment by garnishees. Considering the caption and the first section, all of the parts, together, it is plainly to be seen that this was the sole purpose of the act." See also *Singer Sewing Machine Co.* v. *Southern Grocery Co.,* 2 *Ga. App.* 545, 549 (59 S. E. 473). To the same effect is Judge Cobb's observation upon the scope and intent of this act in *Odum* v. *Macon & Birmingham Railway,* 118 *Ga.* 792 (45 S. E. 619), where he said: "The title indicates that the purpose of the act is to make subject to the lien of the garnishment all the indebtedness of the garnishee accruing after the date of the service of the summons; and this purpose is also fully indicated in the first paragraph of the first section." This act therefore, properly construed, as evidenced by the observations upon it by both Judge Russell and Judge Cobb, in no wise affected' or changed the then-existing rule, laid down by the Supreme Court of this State in *Garrard* v. *Moffett,* supra, and other authorities cited, construing section 5290 of the Civil Code of 1910, whereby the lien of a garnishing creditor on a fund caught by his garnishment was inferior to the lien upon the fund of a judgment of an older date. In so far as the decision in *General Motors* v. *Bank of Valdosta,* supra, in which the writer concurred, holds that under the authority of the act of 1901, supra, or for any other reason, the subsequent garnishing creditor's lien on the fund is superior to that of the older common-law judgment, it is unsound and should not be followed, and therefore is overruled.

We regret that we must reverse a judgment which was based upon one of our own decisions; but since we must correct our own errors, it follows that we must reverse any judgment based thereon.

■ The judgments in favor of Braddy and Bloodworth, trading, etc., against the defendant in the main suits, and which were the

bases of the judgments in behalf of these plaintiffs against the fund, having been rendered upon verdicts obtained at the same term of court, are of equal dignity and share in the distribution of the fund caught by the garnishments. Civil Code (1910), § 5944. The service on the garnishee of the Braddy garnishment at a date prior to the service of the Bloodworth garnishment gives no priority to Braddy's garnishment lien over that of Bloodworth's on the fund.

■ As between different plaintiffs who catch the same fund by summonses of garnishment, the plaintiff whose summons of garnishment is first served upon the common garnishee is the moving creditor. We therefore conclude that the judge of the municipal court of Macon was correct in taxing the expenses of the suit of the moving creditor, J. M. Braddy, including the amount for attorney's fees, against the fund in court, namely the $38.79, representing the amount caught both upon the garnishment instituted by Braddy and upon the garnishment instituted by Bloodworth, trading, etc. Civil Code (1910), § 5290; *Whaley v. Cunningham,* 41 *Ga.* 320; *Carr v. Benedict,* 48 *Ga.* 431; *Baxter v. Bates,* 69 *Ga.* 587. We conclude also that the judge of the municipal court did not err in awarding a sufficient amount of the remaining fund to the satisfaction of the older judgment of O. C. Herndon, trading, etc., for $6 principal and court costs, and in awarding the remainder pro rata to the judgments of Braddy and of Bloodworth, trading, etc.

■ The judge of the superior court erred in sustaining the certiorari.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*