*M. B. Eubanks,* for plaintiff in error.

PIEDMONT SAVINGS COMPANY *v.* CHAPMAN *et al.*

ATKINSON, J. Certain shares of stock in a private corporation were levied upon and sold under a duly recorded execution which had been transferred to a third person. At the time of the sale a duly recorded junior execution was placed in the hands of the sheriff with a demand that the proceeds of sale be applied thereon. The transferee of the senior execution became the purchaser at the sheriff's sale, and, desiring to obtain the stock so purchased without paying the amount of the bid over to the sheriff, entered into a written agreement with the holder of the junior execution, whereby he should give bond and security for the payment of the amount of his bid, and thereupon should receive the certificates of stock. The agreement also provided that proceedings should be instituted in the superior court of Fulton county, to determine the priorities between the parties to the fund, and that the case should be tried at the first term by the judge without a jury, upon an agreed statement of facts. The terms of the contract were carried into effect. The holder of the junior execution filed a petition to which an answer was interposed by the transferee of the senior execution and the sheriff. The case was submitted to the judge on an agreed statement of facts, who rendered a judgment awarding the fund to the transferee of the senior execution. The exception is to that judgment. The case does not involve the grant of any affirmative equitable relief or the application of any rule of equitable procedure, and is not such as to confer jurisdiction of the writ of error upon the Supreme Court. Accordingly it will be transferred to the Court of Appeals. *Burkhalter* v. *Virginia-Carolina Chemical Co.,* 170 *Ga.* 237 (152 S. E. 98).

> *Transferred to Court of Appeals. All the Justices concur.*

No. 7298. APRIL 15, 1930.

*Madison Richardson,* for plaintiff.
*Etheridge, Peck & Etheridge,* for defendants.