## 20557. PIEDMONT SAVINGS COMPANY *v.* CHAPMAN
### *et al.*

Decided January 19; 1931.

*Madison Richardson,* for plaintiff in error.

*Etheridge, Peck & Etheridge,* contra.

Bell, J.   This case originated as a money rule and involved the proceeds of the sale of certain corporate stocks as the property of Mrs. Nora G. Webb, against whom Piedmont Savings Company and A. A. Chapman held conflicting. judgments.   The stocks were levied upon and sold under .the Chapman judgment.   The savings company, as it contends, had also caused a levy to be made upon a portion of the stocks, but had not succeeded in bringing the stocks to sale, because the defendant had obtained a supersedeas of its judgment soon after the levy and before a sale could be effectuated.   See, *Webb* v. *Piedmont Savings Co.,* 38 *Ga. App.* 685 (145 S. E. 538).   The case as now presented was tried upon an agreed statement of facts, without a jury, and, the fund in controversy being awarded to Chapman, the savings company excepted.   The case was originally taken to the Supreme Court, but was transferred to this court.   See 170 *Ga.* 331 (153 S. E. 4).   The Chapman judgment was obtained in the city court of Albany, in Dougherty county, on August 8, 1927.   The judgment of Piedmont Savings Company was obtained in the municipal court of Atlanta on October 3, 1927.   Executions were issued upon both judgments; and the executions were duly recorded, although this fact is immaterial. *Griffith* v. *Posey,* 98 *Ga.* 485 (25 S. E. 515).   On February 7, 1928, the savings company procured what it says was a levy upon the corporate stocks, but as indicated above, and for the reason stated,

no sale was made under this "levy." One of the questions made in the record is as to the validity of this levy or attempted levy, but in our view of the case it is unnecessary to go into that question, or to state the facts pertaining thereto. The levy upon the stocks under the Chapman execution was made on September 6, 1928, and a sale pursuant thereto produced the fund in question. There is no contention about the validity of this proceeding.

As shown in the above statement, the Chapman judgment and execution were senior in date to the judgment in favor of the savings company, but the savings company was the first to procure a levy upon the corporate stocks. The contention of this company is that, notwithstanding the Chapman judgment was older in date, no perfected lien as to the corporate stocks resulted until a levy was made; and since this company was the first to procure a levy upon such stocks, it alone obtained a lien, and thus should have prevailed in the contest for the proceeds of the sale. On the other hand, it is contended on the part of Chapman that for various reasons no valid levy was ever made under the execution of the savings company, and that if the respective claims are to be determined by the levies, the judgment of the court below was right, because the only true and valid levy was the one made under the Chapman execution. It is further contended by Chapman, however, that since the contest is solely between two judgment claimants, and does not involve the validity of any transfer or pledge of the stock by the owner, nor any right of the corporation, the rights of the claimants should be governed by the dates of their respective judgments, and that in this view the fund was properly awarded to him by the trial court. We agree with the contention of Chapman as last stated above, assuming both levies to be valid. We think the case is controlled by the decision of this court in *Bank of LaFayette* v. *Wardlaw,* 20 *Ga. App.* 741 (93 S. E. 236), in which the following rulings were made: "Money in court, on a rule for its distribution, must be applied, as far as it goes, to the oldest lien that has attached to it, if there be nothing to affect the validity of the lien. *Thomson* v. *McCordel,* 27 *Ga.* 273. . . Although the lien of a judgment against a shareholder in a corporation does not attach to the stock upon the rendition of the judgment, *so as to prevent the transfer or alienation of the stock* (*Fidelity & Deposit Co.* v. *Exchange Bank,* 100 *Ga.* 619, 624, 28 S. E. 393; *Owens* v. *Atlanta*

*Trust & Banking Co.,* 122 *Ga.* 521, 50 S. E. 379), yet in a money-rule contest between two judgments over a fund derived from the sale of stock in a corporation, the older judgment does not lose its priority because its fi. fa. was not levied on the stock, while the fi. fa. based on the younger judgment was so levied. . . The fact that the fi. fa. on the senior judgment was not issued and recorded until after the fi. fa. on the junior judgment had been issued and recorded does not affect the priority of the older judgment. *Griffith* v. *Posey,* 98 *Ga.* 475 (25 S. E. 515)."

The decision of the Supreme Court in *Fourth National Bank* v. *Swift,* 160 *Ga.* 372 (127 S. E. 729), reversing the judgment of this court in 32 *Ga. App.* 589 (124 S. E. 181), did not affect the rulings made in the *Wardlaw* case. The facts of the two cases are materially different, although as now appears the distinction was imperfectly conceived in the decision by this court in the *Swift* case. The trouble was that we undertook to follow the *Wardlaw* case, when the principles ruled therein were inapplicable. The decision in the *Swift* case had to do with the rights of a pledgee for value as against a prior judgment which had never been levied in accordance with the provisions of section 6035 of the Civil Code, and it was held by the Supreme Court that "the Court of Appeals erred in holding that the rights of the pledgee who had no notice of the prior judgment were inferior to those of a judgment creditor." The present case is distinguished from the *Swift* case, and is also unlike *Owens* v. *Atlanta Trust & Banking Co.,* 122 *Ga.* 521 (50 S. E. 379), the identical question now for decision not having been dealt with in either of those cases.

Section 5946 of the Civil Code (1910) provides that "All judgments obtained in the superior, justices', or other courts of this State shall be of equal dignity, and shall bind all the property of the defendant, both real and personal, from the date of such judgment, except as otherwise provided in this Code." Section 6057 of the Code provides that "a future interest in personalty can not be seized and sold, but the lien of judgments will attach thereto, so far as to prevent alienation, before the right to present possession accrues." In *Fidelity & Deposit Co.* v. *Exchange Bank,* 100 *Ga.* 619, 623 (28 S. E. 393), the Supreme Court, in construing these provisions, said: "They bind in a general sense only such property of the debtor as is capable of actual seizure, sequestra-

tion and delivery, in satisfaction of the creditor's demand. In that sense it operates as a lien upon choses in action, and even money of the debtor, when it is capable of legal appropriation to the discharge of the debtor's obligation. It is, therefore, that when courts have seized and hold for distribution among creditors the property of the debtor, whether it consist of real property, personal property in the stricter sense, or mere money and choses in action, the liens of judgments generally will be respected; and in the distribution of a fund arising therefrom, the courts will recognize the liens of judgments, and appropriate the fund in hand according to the priority of such liens. It has been held in this State, that where moneys have been reduced to the possession of the court by the collection of choses in action, the liens of pre-existing judgments attach thereto, and upon distribution, are entitled to preference according to their dignity and priority, but the liens of such judgments can not be held to so attach to money or choses in action as that, proprio vigore, they will prevent the alienation by the debtor of that class of property before the suing out of a summons of garnishment, or some other collateral proceeding necessary to fix absolutely the lien of such judgment so as to remove it from the personal dominion and control of the debtor." See further, in this connection, *Reynolds Banking Co.* v. *Peebles,* 142 *Ga.* 615 (83 S. E. 229) ; *Patterson* v. *Beck,* 133 *Ga.* 701 (2), 709 (66 S. E. 911) ; *Herndon* v. *Braddy,* 39 *Ga. App.* 165 (146 S. E. 495).

The trial court properly awarded the fund to the older judgment. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*