## Baker v. McCord et al.

Atkinson, J. In an equitable action a consent degree was rendered on December 1, 1930, during the November term, which directed that the plaintiff pay to the defendant $100, with interest and certain costs, "on or by January 1st, 1931, at 12:00 noon, central standard time," and, "if said payments as above set forth be paid within the time limit above set forth," that defendant deliver to plaintiff "a quitclaim deed to the property which is the subject-matter of this litigation;" but that if said sums "be not paid within the time limit, . . the sale under power made by" defendant "be and the same is hereby confirmed and made absolute." The money was not paid within the time specified. *Held:*

1. The consent decree was a final disposition of the case.
2. The court did not have jurisdiction to entertain and grant an ex parte application by the plaintiff to extend the time for payment of the money, without notice to the defendant, although the action of the judge was at the same term when the decree was rendered. In the circumstances the judgment extending the time of payment was void on the face of the record. The case differs from *Bowen* v. *Wyeth,* 119 *Ga.* 687 (46 S. E. 823), *Gaines* v. *Gaines,* 169 *Ga.* 432 (150 S. E. 645), and similar cases in which the motions to vacate the former judgments were not ex parte.
3. A motion to set aside a judgment need not be made during the term at which the judgment was rendered, but "may be made at any time within the statute of limitations." Civil Code, § 5958.
4. The judge did not err, for any reason assigned, in setting aside the order extending the time of payment on motion of the defendant at the next succeeding term. *Judgment affirmed. All the Justices concur.*

No. 8287. December 16, 1931.

*Jesse B. Simmons* and *Otey B. Mitchell,* for plaintiff in error.
*George G. Finch* and *E. Harold Sheats,* contra.