60232. ALEXANDER UNDERWRITERS, INC. v. INSURANCE AGENCIES OF GEORGIA, INC. et al.

SOGNIER, Judge.

Alexander Underwriters, Inc. (hereafter Alexander) appeals from a judgment on a motion for money rule and denial of its motion for summary judgment.

Sparks Insurance Agency, Inc. (Sparks) owed money to several insurance companies, and issued notes to several of these creditors. By written agreement of July 1, 1977 Sparks and Bob Sparks individually (both hereafter Sparks) sold certain insurance contracts, renewal premiums and rights to Insurance Agencies of Georgia, Inc. (hereafter IAG), and also agreed not to compete with IAG. In return, IAG agreed to make specified monthly payments by

check to Sparks and Alexander jointly; Sparks agreed to endorse the checks to Alexander to discharge Sparks' debts to Alexander. A similar debt payment agreement was made with regard to checks payable jointly to Sparks and American Reserve Insurance Company (Reserve).

On November 29, 1978 IAG filed an action for interpleader against Alexander, Reserve, American Interstate Insurance Company of Georgia (Interstate), First Federated Life Insurance Company (Federated) and Sparks. IAG alleged that garnishment actions had been brought by Interstate and Federated against Sparks, as garnishment debtor, and IAG as garnishee. IAG sought a money rule or other appropriate order to determine the priorities among claimants to the money IAG owed Sparks under its agreement of July 1, 1977. Subsequently, The First National Bank of Atlanta (First National), Commercial Union Assurance Companies and Employers Fire Insurance Company were interpleaded as defendants, since they also had obtained judgments against Sparks.

On December 28, 1978 Alexander filed an answer to IAG's complaint and also filed a counterclaim, alleging that on July 11, 1977 it had obtained a "consent judgment" for $20,362.70, plus interest and costs, against Sparks. The judgment was not filed, however, until August 11, 1977. In the consent order the parties consented to an indebtedness of $20,362.70 owed to Alexander by Sparks which was evidenced by a note; if the note was paid the case would be dismissed with prejudice. If it were not paid, Alexander would be entitled to final judgment on the balance due *on making a proper showing of Sparks' default* and the amount then due. The indebtedness was not paid and on December 22, 1978 a writ of fieri facias was issued to Alexander on a "judgment" of $20,362.70.

On February 5, 1979 Interstate filed a motion for money rule to determine the rights of all parties in view of judgment claims of Alexander (July 11, 1977), Federated (August 11, 1978), First National (September 25, 1978) and Interstate (November 17, 1977). Alexander then filed a motion for summary judgment, contending there was no material issue of fact and demanding judgment in the amount of its counterclaim.

Both motions were heard together, and the trial court ruled that Alexander's consent order of July 11, 1977 was not a final judgment, and that Alexander did not apply to a judge of the state court for judgment; rather, he requested and received a fi. fa. from the clerk of the court on December 22, 1978. The trial court also ruled that the senior (and superior) final judgment was Interstate's judgment of November 17, 1977 and the next senior judgment was that of Federated, dated August 11, 1978. The court made no further

determination of priorities, as the total amount owed Sparks by IAG was not sufficient to satisfy the judgments of Interstate and Federated. The trial court denied Alexander's motion for summary judgment on its counterclaim, and Alexander appeals. We affirm.

1. With regard to the trial court's ruling that Alexander's consent order of July 11, 1977 was not a final judgment, appellant contends that under the holding in *Baker v. McCord,* 173 Ga. 819 (1) (162 SE 110) (1931), even though a consent order is conditional upon the occurrence of specified future events, it is a final disposition of the case on the date it was rendered. We disagree.

In the instant case the July 11, 1977 order provided specifically: *"In the event that plaintiff shall make a proper showing to the court* of . . . default in the payment of said note, *plaintiff shall be entitled to judgment* upon the unpaid balance . . ." (Emphasis supplied.) No payments were made on the note, and no further showing was made by Alexander in accordance with the consent order. Thus, by its own terms the judgment never became final. Assuming, arguendo, that the July 11, 1977 order was a judgment rather than an interlocutory resolution and agreement between the parties, it was at most a conditional judgment. Only upon the occurrence of the condition (making a proper showing to the court) could this judgment become final and secure its rank among the family of judgments entered against Sparks. *Baker* did not involve a question of priority of judgments and held only that the consent decree itself was self-executing upon failure to meet the condition specified therein. It is a fundamental rule that a judgment should be complete and certain in itself. *Hutcheson v. Hutcheson,* 197 Ga. 603, 604 (30 SE2d 107) (1944). A verdict or judgment cannot be final where it is dependent on a later judgment for final determination. See *Jarecky v. Arnold,* 51 Ga. App. 954, 957 (182 SE 66) (1935). As "[m]oney in court, on a rule for its distribution, must be applied . . . to the oldest lien that has attached to it . . ." *Bank of LaFayette v. Wardlaw,* 20 Ga. App. 741 (1) (93 SE 236) (1917); *Piedmont Savings Co. v. Chapman,* 42 Ga. App. 555 (156 SE 638) (1930), the trial court was correct in ruling that the judgments of Interstate and Federated were senior to appellant's "judgment," and that they had priority on claims to the funds paid into court by IAG.

2. Alexander contends, in the alternative, that it is entitled to priority as a third party beneficiary under the terms of the July 1, 1977 agreement between Sparks and IAG. However, the mere fact that a party may benefit from a contract does not make it a third party beneficiary. *LDH Prop. v. Morgan Guaranty Trust Co.,* 145 Ga. App. 132, 133 (2) (243 SE2d 278) (1978). Even if Alexander holds such an interest under the contract, it would be entitled thereby only to

"maintain an action against the promisor on said contract." Code Ann. § 3-108. However, Alexander did not bring suit on the contract, and its counterclaim asserting priority is not based on the contract between Sparks and IAG, but is based solely on the consent "judgment" of July 1, 1977. Since no questions of appellant's rights or interests under the contract were raised or ruled on by the trial court, there is nothing for this court to review. Cf. *Long County Bd. of Ed. v. Owen,* 150 Ga. App. 245 (1) (257 SE2d 212) (1979).

3. Under the holding of our Supreme Court in *Southeast Ceramics v. Klein,* 246 Ga. 294 (271 SE2d 199) (1980), the denial of a motion for summary judgment may be appealed without application for interlocutory review when it is tied to appeal of an appealable order or judgment. As that situation exists in this case we have considered this enumeration and conclude, in view of our holdings in Division 1 and Division 2, that denial of appellant's motion for summary judgment was proper.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED JULY 7, 1980 — DECIDED NOVEMBER 24, 1980 —

*James B. Gurley, Philip M. Williams,* for appellant.
*William F. Welch, J. Matthew Dwyer, John Ashby, W. Christopher Bracken, Terrence C. Sullivan, Edward J. Henning, Robert P. Bleiberg, David King, Sidney Nation, Arthur L. Myers, Jr.,* for appellees.