## A02A1701. VESTA HOLDINGS I, LLC v. TAX COMMISSIONER OF FULTON COUNTY.
### (578 SE2d 293)

ELLINGTON, Judge.

Vesta Holdings I, LLC appeals from the Fulton County Superior Court's judgment in favor of Arthur E. Ferdinand, the Fulton County Tax Commissioner. We find the trial court erred by denying Vesta's petition. Therefore, we reverse the judgment and remand with direction.

As will be seen below, the facts in this case are not in dispute. Therefore, this Court conducts a de novo review of the record in determining whether the trial court committed plain legal error. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). The record shows that the City of Atlanta condemned certain private property in Fulton County for a sewer easement, for which it paid $42,000 into the court's registry. Under OCGA § 22-2-140, the court was authorized to disburse these funds to satisfy existing tax liens. Both Vesta and Fulton County petitioned the court for payment from the $42,000 condemnation proceeds to satisfy tax liens they held on the property. At that time, Fulton County held tax liens for unpaid 2001 county taxes in the amount of $2,867.49, for 2001 city taxes in the amount of $6,271.85, and for 1995 city taxes in the amount of $8,250.21. The county had previously transferred fi. fas. on city and county taxes from the years of 1996, 1998, 1999, and 2000 to Vesta, pursuant to OCGA § 48-3-19.[1] After these transfers, Vesta held liens for county taxes in the amount of $12,958.92 and for city taxes totaling $32,379.71. Following a hearing on the parties' petitions for payment on their liens, the trial court granted the county's petition while denying Vesta's request.

---

[1] OCGA § 48-3-19 was repealed effective May 21, 2002. Ga. L. 2002, p. 1481, § 1.

1. On appeal, Vesta argues that the county tax liens it held should be given equal priority status to those held by Fulton County and, in a similar vein, that its city tax liens should also be given equal priority to Fulton County's city tax liens. Vesta contends that the trial court erred in failing to award any funds to Vesta to satisfy, at least in part, its tax liens. We agree.

The county transferred several tax liens to Vesta pursuant to former OCGA § 48-3-19 (a) (1), which provided as follows:

> Whenever any person other than the person against whom an execution has been issued pays an execution issued for state, county, or municipal taxes . . . , the officer whose duty it is to enforce the execution, upon the request of the party paying the execution, shall transfer the execution to the party so paying. The person to whom the execution is transferred *shall have the same rights as to enforcing the execution and priority of payment as might have been exercised or claimed before the transfer.*

(Emphasis supplied.) Assuming that the lien transfer was performed properly and that Vesta's liens were valid, Vesta stood in the same shoes as Fulton County and was entitled to a portion of the condemnation proceeds. *Alexander Investment Group v. Jarvis*, 263 Ga. 489, 490, n. 3 (435 SE2d 609) (1993). Based upon the record before us, we find the trial court erred in failing to award any funds to Vesta.

2. Having found that Fulton County was not entitled to all of the condemnation proceeds to the exclusion of Vesta, the next question is how the $42,000 should have been distributed. Obviously, the $42,000 was insufficient to satisfy all of the existing tax liens. On this issue, Vesta contends the trial court erred in failing to properly apply the rules of priority with respect to tax liens. Vesta argues that, under OCGA § 48-2-56 (b), all liens for unpaid state and county taxes should have been satisfied before city tax liens. Under OCGA § 48-2-56 (b),

> liens for taxes are superior to all other liens and shall be paid before any other debt, lien, or claim of any kind. Liens for taxes shall rank among themselves as follows: (1) Taxes due the state; (2) Taxes due counties of the state; (3) Taxes due school and other special tax districts of the state; and (4) Taxes due municipal corporations of the state.

This statute does not, however, address the priorities of tax liens of the same statutory rank, for example, how to rank all of the city tax liens. Therefore, Vesta asks this Court to clarify Georgia law on the following issues: (1) Is the date a lien was created a factor in the pri-

ority of liens?; (2) If the date of creation is a factor, do the earlier liens have priority over later liens, or vice versa?; and (3) If the date of creation is a factor, are the statutory priority rules in OCGA § 48-2-56 (b) applied before or after the liens are ranked by date of creation? These questions appear to be issues of first impression for Georgia's courts. For the following reasons, we hold that the legislature's statutory mandate that tax liens be ranked pursuant to the rules in OCGA § 48-2-56 (b) should take precedence over all other applicable rules in prioritizing tax liens. We further hold that, after such ranking, the timing of liens of equal statutory rank shall be a factor to be considered in prioritizing the liens, and earlier liens shall have priority over later liens.

(a) In passing OCGA § 48-2-56, the Georgia legislature provided specific directions on how tax liens shall be ranked. We hold that, by adopting this statute, the legislature intended to assign priority to tax liens based upon the status of the taxing entity, regardless of the date the lien was created. See *In re McTyre Grading & Pipe*, 193 BR 983, 989-990 (N.D. Ga. 1996).

Since the legislature has specifically directed that county tax liens be satisfied before city tax liens, we hold that the trial court in this case should have awarded funds to Fulton County and to Vesta to satisfy all of the existing county tax liens, which totaled less than $16,000. Because there is enough money in this case to accomplish this, the relative age of the county tax liens does not raise an issue here.

(b) Since, after satisfying the county liens, there will be insufficient funds to satisfy all of the city tax liens, however, the city tax liens must be further ranked before distributing the remaining proceeds. As previously noted, no statute exists on how to prioritize liens of equal rank which are competing for insufficient funds. Although Vesta argues that newer liens should have priority over older liens, we reach the opposite conclusion.

The Georgia legislature has adopted a "first in time, first in right" approach in another area where it is sometimes necessary to rank competing but otherwise equally ranked liens. Under OCGA § 44-14-323, which deals with mortgages, conveyances to secure debt, and nontax liens, the legislature specifically provided that "[a]ll liens which are not regulated and fixed as to rank [by the Code] . . . shall rank according to date, the oldest having priority." Georgia's appellate courts have embraced the "first in time, first in right" approach in prioritizing judgments, holding that, "[m]oney in court, on a rule for its distribution, must be applied, as far as it goes, to the oldest lien that has attached to it, if there be nothing to affect the validity of the lien." (Citation and punctuation omitted.) *Piedmont Sav. Co. v. Chapman*, 42 Ga. App. 555, 556 (156 SE 638) (1931) (in a contest

between two judgment creditors, the rights of the claimants should be governed by the date of their judgments, with the oldest judgment having priority). See also *Alexander Underwriters v. Ins. Agencies of Ga.*, 156 Ga. App. 560, 562 (1) (275 SE2d 138) (1980) (accord). The United States Supreme Court has also recognized that the principle of "the first in time is the first in right" is widely accepted and will be applied in the absence of legislation to the contrary. *United States v. City of New Britain*, 347 U. S. 81, 85 (74 SC 367, 98 LE 520) (1954).

Accordingly, we hold that the tax liens in this case shall rank in the following order, regardless of whether they are held by Fulton County or Vesta: all county tax liens, the oldest having priority over newer liens, then all city tax liens, the oldest having priority. Since the trial court's order erroneously distributes funds only to Fulton County, it must be reversed. On remand, the trial court is directed to order that payments on the liens be made according to the directions above and to disburse the $42,000 in condemnation proceeds to Fulton County and Vesta until the funds are exhausted.

*Judgment reversed and case remanded with direction. Smith, C. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 18, 2003.

*Proctor & Chambers, Robert J. Proctor, Bradley A. Hutchins*, for appellant.

*Vernitia A. Shannon*, for appellee.

