**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**April 26, 2012**

# In the Court of Appeals of Georgia

A12A0600.  DEHCO,  INC.  v.  FULTON  COUNTY  TAX
      COMMISSIONER.

MCFADDEN, Judge.

This appeal concerns the distribution of funds paid into the court registry in connection with a condemnation proceeding. The condemnee, Dehco, Inc., appeals from the trial court's order disbursing a portion of the funds to the Fulton County Tax Commissioner (the Commissioner) to cover the 2008 ad valorem taxes on the condemned property. Because the trial court correctly held that Dehco was responsible for the taxes, we affirm.

The relevant facts are undisputed, and we review the court's ruling de novo. *Vesta Holdings I v. Tax Commr. of Fulton County*, 259 Ga. App. 717 (578 SE2d 293) (2003). On January 1, 2008, Dehco owned the property at issue. On March 7, 2008,

the Georgia Department of Transportation (DOT) filed a petition and declaration of taking. Subsequently, Dehco and the DOT entered into a consent order regarding the condemnation, under which the DOT deposited funds into the court registry. On September 10, 2009, the Commissioner moved for the court to disburse a portion of those funds to cover the unpaid 2008 ad valorem taxes on the property. Subsequently, Dehco filed a competing motion for distribution of the funds. The court denied Dehco's motion and concluded that, under OCGA § 48-5-10, Dehco was responsible for the 2008 taxes on the property. In a separate order, the court granted the Commissioner's motion, and it directed the clerk of court to pay the amount of the taxes to the Commissioner and to pay the remaining balance of funds in the registry to a trust account on behalf of Dehco.

Dehco contends that it should be responsible for only a portion of the 2008 taxes and asserts that the court erred in finding it responsible for the entire amount. We disagree. OCGA § 48-5-10 pertinently provides that "[e]ach return by a taxpayer shall be for property held and subject to taxation on January 1 next preceding each return." Thus, as the owner of the property on January 1, 2008, Dehco was responsible for the 2008 taxes. See *Jamestown Assoc. v. Fulton County Bd. of Tax Assessors*, 228 Ga. App. 360, 361 (492 SE2d 1) (1997) (ad valorem taxes upon real

property are assessed upon the owner of record of the property as of January 1 of each tax year). Absent an agreement with the DOT to prorate those taxes, Dehco remained legally obligated to pay the full amount of the taxes regardless of the subsequent transfer of title to the DOT. See 1988 Op. Atty. Gen. U88-12 (although proration of property ad valorem taxes between a buyer and seller is customarily included in agreements transferring title to property, such proration "is not provided for or recognized in the law").

Dehco argues that the application of OCGA § 48-5-10 in this manner violated its constitutional right to equal protection of the law by allowing the DOT "to engage in coercive tactics which creates two classes of condemnees, those who negotiate and sell the property to the DOT before the institution of condemnation proceedings and those who are required to litigate over the value of what has been taken." The former group, it argues, is in a position to negotiate an agreement in which ad valorem property taxes are prorated; the latter group, into which it fell, is not. But the record does not reflect that Dehco presented this constitutional argument to the trial court and, even assuming that it did, the trial court did not rule on the statute's constitutionality in either of its orders. Thus, we will not consider arguments on the statute's constitutionality as applied in this case. See *Haynes v. Wells*, 273 Ga. 106,

3

108 (3) (538 SE2d 430) (2000); *Great West Cas. Co. v. Bloomfield*, 303 Ga. App. 26, 31 (5) (693 SE2d 99) (2010). Cf. *East Ga. Land & Dev. Co. v. Baker*, 286 Ga. 551, 553 (1) (690 SE2d 145) (2010) (Supreme Court of Georgia has exclusive jurisdiction where constitutionality of statute, as applied, has been raised and ruled upon by trial court).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*